561 A.2d 1263
**COMMONWEALTH of Pennsylvania**
v.
**John C. SCHMUCK, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 30, 1989.

Filed July 17, 1989.

618

Robert E. Dalton, Jr., Public Defender, Blossburg, for appellant.

James E. Carlson, District Attorney, Wellsboro, for Com., appellee.

Before DEL SOLE, KELLY and HESTER, JJ.

HESTER, Judge:

This appeal is from an order entered September 20, 1988, which denied the June 20, 1988 PCHA petition filed by appellant, John C. Schmuck. We affirm.

On August 14, 1985, appellant supplied a fifteen-year-old boy with beer, took him to a hotel, and performed fellatio on him. Appellant was arrested on August 22, 1985, and charged with involuntary deviate sexual intercourse, cor-

ruption of minors, indecent assault, and furnishing malt or brewed beverages to a minor. Prior to the preliminary hearing, he conferred with his attorney. In adjudicating appellant's direct appeal, we found that during that conference, his attorney explained the nature of the charges and sentencing possibilities, including the mandatory minimum sentence of five years for involuntary deviate sexual intercourse under 42 Pa.C.S. § 9718(a). *Commonwealth v. Schmuck,* 369 Pa.Super. 652, 531 A.2d 528 (1987).

Appellant decided to plead not guilty, demanding a jury trial. He was found guilty of all charges. Following the trial, he retained new counsel and filed post-trial motions alleging trial counsel's ineffectiveness. Following denial of those motions on September 2, 1986, appellant received the mandatory five-to-ten-year sentence for involuntary deviate sexual intercourse and a concurrent one-year sentence for corrupting the morals of a minor. We affirmed on direct appeal. *Commonwealth v. Schmuck, id.*

In that appeal, appellant alleged that trial counsel rendered ineffective assistance, among other things, by failing to advise him of the five-year mandatory minimum sentence for involuntary deviate sexual intercourse. We determined that the claim had no merit, ruling that the attorney had informed appellant of the mandatory sentence under 42 Pa.C.S. § 9718.

In this appeal, appellant's sole contention is that all prior counsel were ineffective for failing to raise the applicability of *Commonwealth v. Leonhart,* 358 Pa.Super. 494, 517 A.2d 1342 (1986), *petition for allowance of appeal denied,* 515 Pa. 620, 531 A.2d 428 (1987), to this action.

Appellant contends that he was denied effective assistance of counsel when they failed to raise, in post-verdict motions and on appeal, the Commonwealth's lack of notice of its intent to proceed under 42 Pa.C.S.A. § 9718 (mandatory five-year sentence) in the event that Schmuck was convicted. Appellant asserts that failure of the Commonwealth to provide him, prior to trial, with a written notice of their intention to seek the mandatory five-year sentence deprived

him of his right to intelligently weigh the alternatives of going to trial versus negotiating a plea. He argues that counsel was ineffective for failing to object to the lack of such notice.

The supreme court of this Commonwealth has recently reviewed the well-established standard of review with respect to claims of ineffectiveness of counsel. In *Commonwealth v. Hentosh*, 520 Pa. 325, 554 A.2d 20 (1989), the supreme court stated:

> Approaching our task of determining whether counsel's assistance was effective we initially presume that it was. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Then, in analyzing a defendant's claim, we examine whether the claimant's allegations are possessed of arguable merit. *Pierce, supra; Commonwealth v. Stoyko*, 504 Pa. 455, 475 A.2d 714 (1984); *Maroney, supra.* We next determine whether of the alternatives available to counsel in presenting the defense those chosen were possessed of a reasonable basis in effecting his client's interests. *Id.; Commonwealth v. Wade*, 501 Pa. 331, 461 A.2d 613 (1983). Assuming positive resolution of both inquiries above, we require finally that the claimant demonstrate how the asserted ineffectiveness prejudiced his cause. *Pierce, supra; Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984); *Commonwealth v. Vogel*, 501 Pa. 314, 461 A.2d 604 (1983), *cert. den'd*, 465 U.S. 1104, 104 S.Ct. 1603, 80 L.Ed.2d 133 (1984).

> In conducting this analysis it is important to bear in mind that allegations of the deprivation of the right to effective representation of counsel are not self-sustaining. The burden of proof of the allegations remains with the claimant, their accuracy still to be established by his submission of relevant proofs. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981); *Commonwealth v. Shore*, 487 Pa. 534, 410 A.2d 740 (1980);

*Commonwealth v. Logan,* 468 Pa. 424, 364 A.2d 266 (1976); *Maroney, supra.*

*Id.,* 520 Pa. at 334, 554 A.2d at 24.

Appellant argues that *Commonwealth v. Leonhart, supra,* supports his allegation that the Commonwealth had a duty to inform him, prior to trial, that it intended to seek the imposition of the mandatory minimum sentence in the event he was convicted. In *Leonhart,* the defendant pled guilty to involuntary deviate sexual intercourse with a person less than sixteen years of age and corruption of minors. He was not given notice of the applicability of 42 Pa.C.S. § 9718, which imposed a mandatory minimum sentence of five years, until sentencing. The defendant in *Leonhart* sought to withdraw his guilty plea, due to the fact that the Commonwealth's failure to notify him of the applicability of section 9718 prior to submission of his plea resulted in the plea being involuntary and not knowingly tendered. This court held that section 9718 requires that such notice be given prior to the entry of a guilty plea. As a result, the defendant was permitted to withdraw his plea and proceed to trial by jury.

█ As we noted in *Leonhart,* section 9718 sets forth no provision concerning the notice required to be given defendants. We there further observed that other statutes in the mandatory sentencing scheme—offenses committed with firearms, 42 Pa.C.S.A. § 9712, offenses committed on public transportation, 42 Pa.C.S.A. § 9713, and second and subsequent offenses, 42 Pa.C.S.A. § 9714—which carry the same five year minimum sentence as does Section 9718, have been interpreted so as to require that notice be given to the defendant of their application following conviction and before sentencing. *See Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982); *Commonwealth v. Reagan,* 348 Pa.Super. 589, 502 A.2d 702 (1985); *Commonwealth v. Anderson,* 345 Pa.Super. 407, 498 A.2d 887 (1985). Statutes in a scheme covering the same subject matter should be construed, whenever possible, as one harmonious component of the entire statutory structure. *Commonwealth v.*

*Leonhart, supra; Royal Indemnity Co. v. Adams,* 309 Pa.Super. 233, 455 A.2d 135 (1983).

As we further stated in *Commonwealth v. Leonhart, supra,* 358 Pa.Super. at 502, 517 A.2d at 1347 (emphasis added):

> As noted earlier, the mandatory provision is triggered when the trial court has determined at sentencing that its conditions have been met. Only then does it operate as a sentencing factor. Accordingly, due process concerns require that the prosecutor give notice of its intention to proceed *prior to sentencing* under the relevant mandatory sentencing statute. If the prosecution believes that it is unable to establish by a preponderance the elements of the applicable mandatory provision, it need not give notice.

The mandatory minimum sentence is not included in the definition of the offense and is not an element thereof. It does not impose a penalty more severe than that which could be imposed if the statute did not apply. It simply removes the sentencing court's discretion to impose a lesser sentence.

The applicability of the sentencing provisions set forth in 42 Pa.C.S.A. § 9718(a) is not within the sole discretion of the Commonwealth as prosecutor. Rather, the commission of one of the crimes listed in that section, upon a victim under the age of sixteen, must be determined by the trial court to have been proven before the mandatory sentencing provisions come into effect.

Our holding in *Leonhart* has no application to the within fact situation. Appellant did not plead guilty; he proceeded to trial by jury where there existed the possibility of acquittal. He does not contend that he did not receive a fair trial. His allegation is completely lacking in merit. We therefore hold that the Commonwealth was not required to notify appellant prior to trial that it would proceed under 42 Pa.C.S.A. § 9718(a) in the event he was convicted.

Counsel was not ineffective for failing to raise, in post-trial motions and in the first appeal, the lack of notice by the Commonwealth prior to trial of its intention to request the imposition of the minimum sentence set forth in 42 Pa.C.S.A. § 9718(a).

We affirm.

KELLY, J., files a concurring opinion.

KELLY, Judge, concurring:

I concur in the result. I write separately, however, because I disagree with the analysis set forth in the majority opinion pertaining to the proper construction of 42 Pa.C.S.A. § 9712.

I agree with the majority that *Commonwealth v. Leonhart,* 358 Pa.Super. 494, 517 A.2d 1342 (1986) is inapposite. *Leonhart* stands for the rather limited proposition that, just as a person pleading guilty or *nolo contendere* must be informed of the *maximum penalties* which may result from a plea, a person entering a guilty or *nolo contendere* plea must also be informed of any *mandatory minimum penalties* which may apply. The reasoning in *Leonhart* does not extend beyond the narrow context of *uninformed* pleas.

I cannot agree with the majority, however, that the provisions of 42 Pa.C.S.A. § 9718 must be read, like those of 42 Pa.C.S.A. § 9712, to require the prosecution to provide presentence notice of intent to seek application of the mandatory minimum sentence provision. The statutes providing for mandatory minimum sentences relating to certain crimes involving the use of a firearm, committed on or near public transportation, constituting a second or subsequent offense, or following a prior homicide conviction, each contain specific language which requires notice of the prosecution's intent to pursue the mandatory minimum sentence prior to sentencing. *See* 42 Pa.C.S.A. § 9712(b); 42 Pa.C.S.A. § 9713(b); 42 Pa.C.S.A. § 9714(b); 42 Pa.C.S.A. § 9715(b). Our Supreme Court has construed this specific

language to indicate the legislature's intent to vest discretion in the prosecution as to whether or not to pursue the mandatory penalty. *See Commonwealth v. Pittman*, 515 Pa. 272, 528 A.2d 138 (1987).

Though enacted *after* the statutes discussed above, neither § 9717, which provides mandatory minimum penalties for certain crimes against the elderly, nor § 9718 which provides mandatory minimum penalties for certain crimes against infant persons, contains the proof at sentencing/notice provision contained in the earlier mandatory minimum penalty statutes. Generally, a change in statutory language is deemed to evince a change in legislative intent; it has been held previously by this Court that when specific language is used in one section of a statute and excluded in another, it should not be implied where excluded. *See Patton v. Republic Steel Corp.*, 342 Pa.Super. 101, 492 A.2d 411 (1985). Hence, I find that because there is no proof at sentencing/notice provision in 42 Pa.C.S.A. § 9718, its mandatory minimum sentence provision must be deemed *automatically* applicable whenever the requisite triggering facts appear of record, with or without prosecutorial notice prior to sentencing, and whether or not the prosecution desires to pursue the penalty. *Cf. Commonwealth v. Ferguson*, 381 Pa.Super. 23, 49, 552 A.2d 1075, 1088 (1988) (the mandatory restitution provision of 62 Pa.C.S.A. § 481(c) contains no notice provision, and therefore must by its unequivocal terms be deemed *automatically* applicable when the triggering facts appear of record.)

It may be that the absence of the proof at sentencing/notice provision from § 9718 (or § 9717) merely reflects the differences in the nature of the facts which trigger the mandatory minimum penalty provisions. While the fact of the visible possession of a firearm during the commission of one of the predicate offenses under § 9712 is often genuinely in dispute at sentencing, neither a victim's age, nor the crime for which the defendant is convicted are ordinarily subject to such dispute in cases involving § 9718 (or § 9717). Thus, while the notice requirement of § 9712 serves the useful purpose of notifying defense counsel of

the need to prepare for legitimately contestable factual issues likely to arise at sentencing regarding the application of § 9712, such a requirement in the application of § 9718 (or § 9717) would serve no such purpose.

Instead, a notice requirement for § 9718 (or § 9717) would merely provide a technical impediment to the effectuation of the legislature's clearly expressed intent that the mandatory minimum penalty be *automatically* applicable, by providing a vehicle for intentional and/or inadvertent waiver of the mandatory sentence provision by the prosecution *via* the simple expedient of failing to give notice which the legislature did not see fit to require in the first place. Just as the proof at sentencing/notice provision was construed in *Pittman* to vest discretion in the prosecutor to seek or not seek application of § 9712, I construe the *conspicuous absence* of the proof at sentencing/notice provision to indicate legislative intent to *restrict* prosecutorial discretion under both § 9717 and § 9718. Apparently, the legislature has decided that with respect to these provisions, *prosecutorial* discretion as well as *judicial* discretion ought to be limited.

The legislature, of course, has the same authority to limit *prosecutorial* discretion regarding the punishment to be imposed for criminal conduct as it does to limit *judicial* discretion. *Cf. Commonwealth v. Carr*, 375 Pa.Super. 168, 543 A.2d 1232, 1235 (1988). Prosecutorial discretion, however, may not be as *effectively* restrictable as that of the judiciary.[1] Nonetheless, when, as under § 9718, mandatory penalties are triggered by specific facts, as opposed to

1. As a practical matter, of course, some discretion remains in the prosecutor to avoid application of a mandatory minimum sentence provision, even under the construction of the statute suggested above, by altering the charges presented against a suspect, or by omitting proof of a critical triggering fact. *See* Alshuler, *Sentencing Reform and Prosecutorial Power: A Critique of Recent Proposals for "Fixed" and "Presumptive" Sentencing*, 126 U.Pa.L.Rev. 550, 550–77 (1978) (criticizing the prosecutor's practical powers in this regard); *cf.* Steinberg, *From Private Prosecution to Plea Bargaining: Criminal Prosecution, the District Attorney, and American Legal History*, 30 Crime and Delinquency 568, 568–92 (1984) (tracing the historical genesis, development, and limits of prosecutorial discretion). This discretion is

specific facts and express notice from the prosecutor pursuant to statute, *the mandatory minimum penalties must apply when the triggering facts set forth in § 9718 (or § 9717) appear of record,* regardless of prosecutorial intent or desires to the contrary.

To the extent that in *rare* cases a material and unanticipated question as to the existence of one of the predicate facts which trigger application of § 9718, (or § 9717) may arise, I am of the opinion that an appropriate continuance of the sentencing hearing would more than adequately fulfill the dictates of due process. Due process does not require, and the legislature has expressly declined to require postverdict, pre-sentencing notice of an intent to pursue the mandatory sentence requirement of § 9718. Consequently, I would not engraft upon the statute such a procedural stumbling block to uniform enforcement of the legitimate mandate of the legislature that mandatory minimum penalties apply in such cases.

Nonetheless, the fact remains that, required or not, presentencing notice was in fact given by the prosecution in this case. As a result, the majority find that appellant's rights were fully protected, and consequently affirm judgment of sentence. Travelling a different path, I reach the same conclusion.

Hence, I concur in the result.

ostensibly restricted by the victim's right to pursue *private prosecution* under Pa.R.Crim.P. 133, and the Attorney General's authority to seek *supersession* under 71 P.S. § 732–205. These powers, however, lay dormant though they remain at least theoretically viable. *See* 1 Pa.C.S.A. §§ 1972, 1973. Such discretion is more effectively limited, though, by the district attorney's duty not to suppress facts, *favorable or unfavorable* to the accused, so as to present a false picture of known and provable events to a court. *See generally Commonwealth v. Bolden,* 517 Pa. 10, 16, 534 A.2d 456, 459 (1987) ("although defense counsel is not under the same constraint to disclose information unfavorable to his client, ... he or she is nevertheless under the same restraint not to deliberately distort facts to create defenses not legitimately raised under the facts of the case"). Finally, there is, of course, the restraining effect of the potential for such prosecutorial evasions of legislatively enacted mandatory minimum penalties to be negatively perceived by the public, which may then seek *prospective* redress at the ballot box.