606 A.2d 1201
**COMMONWEALTH of Pennsylvania**

v.

**John BOYLES, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 1, 1991.

Filed April 13, 1992.

Douglas W. Ferguson, Asst. Dist. Atty., Meadville, for Com., appellant.

Samuel S. Pangburn, Washington, for appellee.

Before TAMILIA, KELLY and MONTGOMERY, JJ.

KELLY, Judge.

In this opinion we are called upon to determine whether the trial court erred in resentencing appellee, John Boyles, below the mandatory minimum provisions of 42 Pa.C.S. § 9718 where the Commonwealth had not informed appellee of the statute's applicability prior to his guilty plea. Under the circumstances of this case, we conclude that the trial court erred and, therefore, we vacate judgment of sentence and remand for resentencing.

The relevant facts and procedural history are as follows. Appellee was arrested and charged with numerous counts of involuntary deviate sexual intercourse [1] and indecent assault,[2] and one count each of corruption of minors [3] and endangering the welfare of children.[4] Prior to trial, appellee entered into plea negotiations with the district attorney. As a result of the negotiations, appellee pled guilty to one count of involuntary deviate sexual intercourse. All other charges were dismissed.

1. 18 Pa.C.S. 3123.
2. 18 Pa.C.S. 3126.
3. 18 Pa.C.S. 6301.
4. 18 Pa.C.S. 4304.

At the guilty plea colloquy, the Court informed appellee of the following:

Involuntary deviate sexual intercourse with a person under the age of sixteen years, also, under the current law that has been passed by the Legislature in Pennsylvania, carries with it a minimum sentence and that minimum sentence is five years imprisonment, which would mean that if you enter a plea, at least since the law also provides that the minimum sentence must be no more than one-half of the maximum sentence, *the minimum sentence that can be imposed would be a sentence of total incarceration of five to ten years; the least that can happen.*

The most that can happen, obviously, would be a sentence of ten to twenty years, is the maximum legal sentence is twenty years. And, again, the minimum cannot be more than half of that. It also can be somewhere in between, for example, five to twenty or five to fifteen, just so long as the minimum was half or less than the maximum.

Now, do you understand all of the potentials that we are looking at here?

THE DEFENDANT: Yes, sir.

N.T. 9/16/86 at 6–7 (emphasis added). At the conclusion of the colloquy, the court again stated:

THE COURT: All right, Mr. Boyles, we have accepted your plea. I am going to set a sentencing far enough ahead, you will have an opportunity, I assume you have some affairs to wind up, and you know, that a prison sentence, mandatory in this situation, too, *so I don't have any choice to go below five years,* and knowing that you have a business and other affairs, I will set sentencing far enough ahead to give you the opportunity to prepare that.

*Id.* at 16–17 (emphasis added).

At the time set for sentencing, appellee filed a motion to withdraw his guilty plea and enter a plea of *nolo conten-*

*dere.* The motion was denied. The court then went on record as follows:

THE COURT: I think our rather extensive discussion prior to sentence probably has covered most of my reasons for sentencing. But I will try to put them on the record a little more clearly.

First and foremost, obviously, is the provisions of 42 Pa.C.S. 9781, which in my opinion, requires a mandatory five-year minimum sentence and those provisions of the Sentencing Act which require that a minimum be not more than one half of the maximum, then dictates a maximum sentence of at least ten years.

N.T. 10/31/86 at 25. Appellee was sentenced to five to ten years imprisonment. A motion for reconsideration of sentence was filed, argued and denied. No direct appeal was taken.

On October 25, 1988, appellee filed a petition under the Post Conviction Relief Act (PCRA) alleging, *inter alia,* that the district attorney had erred in failing to inform him of the prosecution's intent to proceed under the mandatory minimum provisions of 42 Pa.C.S. § 9718. On December 5, 1988, appellee filed a motion to withdraw his guilty plea based on these grounds. On February 2, 1989, a hearing was held on these allegations, and on October 18, 1990, the court issued an opinion denying appellee's motion to withdraw his guilty plea but reinstating his petition for reconsideration of sentence *nunc pro tunc.* On November 8, 1990, the court resentenced appellee to four to eight years imprisonment with credit for time served from October 30, 1986. From this judgment of sentence, the Commonwealth took this timely appeal.

■ The Commonwealth raises the following issues for our review:

I. WHETHER THE LOWER COURT IMPROPERLY VACATED DEFENDANT'S ORIGINAL SENTENCE BECAUSE THE COMMONWEALTH FAILED TO PROVIDE THE DEFENDANT WITH SPECIFIC NO-

TICE OF ITS INTENT TO PROCEED PURSUANT TO SECTION 9718, EVEN THOUGH THE DEFENDANT WAS AFFORDED GENERAL NOTICE AT THE TIME OF THE PLEA OF THE APPLICABILITY OF THE MANDATORY SENTENCING PROVISION OF SECTION 9718?

II. WHETHER THE LOWER COURT'S RESENTENCING OF THE DEFENDANT, JOHN T. BOYLES, ON NOVEMBER 8, 1990 WAS UNLAWFUL AND VIOLATED SPECIFIC PROVISIONS OF 42 PA. C.S.A. 9718A, IN THAT THE COURT FAILED TO IMPOSE A MANDATORY MINIMUM SENTENCE OF FIVE YEARS UPON THE DEFENDANT'S VOLUNTARY PLEA TO INVOLUNTARY DEVIATE SEXUAL INTERCOURSE, 18 PA.C.S.A. § 3123 OF A CHILD WHO WAS LESS THAN 16 YEARS OF AGE AT THE TIME OF THE OFFENSE?

Commonwealth's Brief at 3. We begin by noting that challenges to a court's refusal to impose a legislatively mandated minimum term of confinement go to the legal rather than discretionary aspects of sentencing. *Commonwealth v. Howard*, 373 Pa.Super. 246, 250, 540 A.2d 960, 962 (1988).[5]

█ In its opinion accompanying the order granting appellee's petition to reconsider sentence *nunc pro tunc*, the trial court opined:

There is an area, however, in which we believe the defendant is entitled to some relief. One of the issues raised in the post conviction relief proceeding was the lack of notice given by the District Attorney between the time of

5. Appellee contends that because he has served four years, seven months and eight days and has been released on parole, the entire appeal is moot. However, if the less than five year sentence was imposed illegally as the Commonwealth contends, then appellee has not yet completed the term of imprisonment legislatively mandated for his conviction. Thus, the issue before us is not moot. *See e.g. Commonwealth v. Adams*, 350 Pa.Super. 506, 518, 504 A.2d 1264, 1270 (1986) (*en banc*) (holding that the illegality of appellant's sentence was not moot).

the plea and the time of sentencing that the Commonwealth intended to invoke the mandatory minimum sentence under 42 Pa.C.S. § 9781. There is no evidence before us that any such notice was in fact given.

The case which established the need for such notice in this particular type of mandatory sentencing is *Commonwealth v. Leonhart*, 358 Pa.Super. 494, 517 A.2d 1342 (1986). The opinion in that case was filed by the panel of the Superior Court on November 17, 1986 which is over two weeks after sentence was imposed in this case. We cannot fault trial counsel for not being prescient and anticipating a decision of the Superior Court. This court frankly admits that the sentence imposed was based upon our perception at the time that § 9718 was, in fact, applicable.

> \* \* \* \* \* \*

In fairness to this defendant, we should reconsider his sentence based not upon the mandatory minimum provision of 42 Pa.C.S. § 9718, but upon the general considerations that would be otherwise applicable.

Trial Court Opinion, 10/18/90 at 2–3. In a supplemental opinion, the court observed:

The Commonwealth has contended that in applying *Leonhart* to the present case, we have either overlooked or misconstrued the case of *Commonwealth v. Crum*, 380 Pa.Super. 280, 351 [551] A.2d 584 (1988), and *Commonwealth v. Schmuck*, 385 Pa.Super. 617, 561 A.2d 1263 (1989). We do not believe that *Crum* and *Schmuck* are applicable to the instant case for a number of reasons. In the first place, they state on the face of the opinions that *Leonhart* is inapposite to the *Schmuck* and *Crum* cases because *Leonhart* was a sentence following a plea while both in *Schmuck* and *Crum* the defendants chose to go to trial. In fact the instant case is not identical factually with *Leonhart*. In *Leonhart*, the defendant was not told, at least upon the record, of the mandatory minimum sentencing provision even prior to his plea, while in the present case, he was made aware of that at

the time of the plea. In *Leonhart*, the Superior Court vacated the plea while in the instant case, this court took the far lesser step of vacating the sentence, but not the plea, and resentenced him without applying the minimum sentence provision of 42 Pa.C.S. § 9718.

Even if we considered *Crum* and *Schmuck* applicable to the instant case, generally, we would have to construe the dicta in *Crum* as overruling *Leonhart*, and this we are unwilling to do. If the Superior Court wished to overrule *Leonhart*, it could clearly state and would not rely upon the dicta contained in the latter part of the opinion nor expect a trial court to construe that dicta as overruling *Leonhart.*

Supplemental Opinion, filed 12/18/90 at 2–4.

Appellee's arguments on appeal essentially mirror the trial court's opinions. Appellee contends that the Commonwealth was required to notify him, prior to the entry of his guilty plea, of its intent to proceed under the mandatory sentencing provisions of 42 Pa.C.S. § 9718. Because, appellee urges, the failure to so notify him deprived him of his right to due process, the trial court properly resentenced him outside the mandatory minimum provisions of § 9718.

The Commonwealth contends that neither § 9718 nor applicable case law compels the conclusion that the burden to provide notice rests solely on the Commonwealth's shoulders. Essentially, the Commonwealth argues that § 9718 and relevant case law require only that a defendant be given notice of the mandatory minimum sentence he is facing prior to entering a guilty plea. Because the trial court correctly notified appellee during the guilty plea colloquy that he was facing a mandatory five year sentence, the Commonwealth concludes that the trial court improperly resentenced appellee outside the mandatory provision of § 9718. We agree.

In *Commonwealth v. Leonhart*, 358 Pa.Super. 494, 517 A.2d 1342 (1986), this Court was asked whether, notwithstanding the fact that the legislature has not required notice be given under Pa.C.S.A. § 9718 (unlike § 9712–15),

"42 Pa.C.S.A. § 9718 requires notice to appellant prior to sentencing, of its applicability, and, whether, as a result of failing to receive such notice, appellant's plea was involuntary and not knowingly tendered." *Id.*, 358 Pa.Superior Ct. at 496, 517 A.2d at 1342. In concluding that the lack of notice, prior to entering his guilty plea, denied appellant his right to weigh the alternatives of going to trial versus entering a guilty plea, the Court observed,

> *The record of the guilty plea colloquy is barren of any reference to or notice of the applicability of a mandatory minimum penalty,* generally, or to the intention of proceeding, at sentencing, under § 9718. Likewise, the sentencing transcript reveals that the prosecutor only introduced the applicability of § 9718 near the end of the proceedings, taking appellant, his counsel and the trial court by surprise. Even appellant's pre-sentence report is devoid of any reference to the applicability of any mandatory minimum sentencing provision.
>
> This lack of notice deprives appellant of the right to weigh the alternatives of going to trial versus entering a guilty plea, *Commonwealth v. Shaffer, supra* [498 Pa. 342, 446 A.2d 591 (1982)], because of the real possibility, apparent from the instant record, that he was misled or acted pursuant to inaccurate or incorrect information.

*Id.*, 358 Pa.Superior Ct. at 500–01, 517 A.2d at 1346 (footnotes omitted) (emphasis added). Accordingly, the *Leonhart* court vacated the judgment of sentence and allowed the defendant to withdraw his plea.

It is quite clear, however, that the reasoning in *Leonhart* does not extend beyond the narrow context of uninformed pleas. In *Commonwealth v. Crum*, 380 Pa.Super. 280, 551 A.2d 584 (1988), *alloc. denied*, 522 Pa. 593, 562 A.2d 318 (1989), the Commonwealth argued that the trial court had erred in failing to impose the mandatory sentence set forth in § 9718 following appellee's conviction of rape. This Court declared that notice of the applicability of § 9718 is required only where guilty pleas are involved, and then,

only prior to the acceptance of the guilty plea. *Id.*, 380 Pa.Superior Ct. at 290, 551 A.2d at 589. In so holding, the court opined:

A knowing and voluntary guilty plea must provide the opportunity to a defendant to assess his chances of obtaining a reduced sentence as opposed to going to trial. A defendant may well take his chances at trial rather than entering a guilty plea if he is made aware that entering a guilty plea will require imposition of a five-year mandatory minimum sentence by the court. The mandatory sentence is required in section 9718, with no provision of notice prior to sentencing, therefore, a knowing and voluntary guilty plea must apprise the defendant of this fact to permit him to make an informed decision about the plea. *Such a requirement is not relevant to trial as the offense, as detailed in the statute, prescribes a mandatory sentence of five years, and the appellant has made his choice to obtain any benefits which accrue to his defense and possible acquittal by going to trial.*

*Id.* (emphasis added). The Court explained the apparent differences in the statutes by observing that cases brought for violation of the crimes enumerated in § 9718 are

distinguishable from those prosecutions under section 9712 (sentences for offenses committed with fire arms); section 9713 (sentences for offenses committed on public transportation); section 9714 (sentence for second and subsequent offenses); and section 9715 (life imprisonment for homicide). In each of the above, notice of the prosecution's attempt to have the court impose the mandatory sentence is required prior to sentencing because at the time of sentencing the Commonwealth must prove, by a preponderance of the evidence, at section 9712, that the person visibly possessed a firearm during the commission of the offense (even though it is not an element of the crime); at section 9713, that the offense was committed on or about a public transportation vehicle or facility; at section 9714, a prior conviction for crimes of violence (which could not be admissible at trial); and at section

9715, a prior conviction of voluntary manslaughter or murder (which is not admissible at trial). Since no opportunity exists at trial for a defendant to enter a defense to those matters, due process requires that he be given notice of the proof to be presented so that he can prepare a defense. *In section 9718, the age of the child is inherent in the proof of the case in chief, and if this is not correctly presented it can be disputed routinely and in due course. Therefore, the requirement for notice, properly incorporated in section 9712, 9713, 9714 and 9715, effectuate due process, but are totally unnecessary and irrelevant to section 9718.* We must assume the legislature understood this less than subtle distinction and drafted the legislation on minors (and the elderly, section 9717) accordingly.

*Id.* (emphasis added).

Similarly, in *Commonwealth v. Schmuck*, 385 Pa.Super. 617, 561 A.2d 1263 (1989), this Court observed:

The mandatory minimum sentence (of § 9718) is not included in the definition of the offense (involuntary deviate sexual intercourse) and is not an element thereof. It does not impose a penalty more severe than that which could be imposed if the statute did not apply. It simply removes the sentencing court's discretion to impose a lesser sentence.

*The applicability of the sentencing provisions set forth in 42 Pa.C.S.A. § 9718(a) is not within the sole discretion of the Commonwealth as prosecutor.* Rather, *the commission of one of the crimes listed in that section, upon a victim under the age of sixteen, must be determined by the trial court to have been proven before the mandatory sentencing provisions come into effect.*

*Id.*, 385 Pa.Superior Ct. at 622, 561 A.2d at 1347 (emphasis added). The Court concluded that the Commonwealth, therefore, was not required to notify a defendant, prior to trial, that it would proceed under § 9718. *Id.*

Most recently our Supreme Court has endorsed the results reached in both *Crum* and *Schmuck*. In *Common-*

*wealth v. Heath,* 528 Pa. 316, 597 A.2d 1135 (1991), our Supreme Court was faced with the question of whether the trial court had erred "by imposing the mandatory minimum sentence for involuntary deviate sexual intercourse pursuant to 42 Pa.C.S.A. § 9718, when the original sentence was vacated by the Superior Court for the Commonwealth's failure to give notice of its intent to seek the mandatory minimum prior to the sentencing hearing." *Id.* In concluding that the Commonwealth's failure to give notice is irrelevant to the imposition of the mandatory minimum sentence, the Court opined

> *The statute in question here, 42 Pa.C.S. § 9718, contains no notice requirement.* The General Assembly has · clearly stated that when a person is convicted of involuntary deviate sexual intercourse and the victim is under the age of sixteen, the perpetrator shall be sentenced to a mandatory term of at least five years imprisonment. *The legislature has left no room in the statute for prosecutorial or judicial discretion to sentence to a lesser term.*
>
> Unlike 42 Pa.C.S. §§ 9712 through 9715, where the legislature explicitly requires the Commonwealth, after conviction but prior to sentencing, to serve notice of its intent to seek mandatory sentencing, § 9718 contains no such verbiage, *cf. Commonwealth v. Pittman,* 515 Pa. 272, 528 A.2d 138 (1987). "Where a section of a statute 'contains a given provision, the omission of such provision from a similar [section] is significant to show a different intention existed.' " *Commonwealth v. Bigelow,* 484 Pa. 476, 484, 399 A.2d 392 (1979) (citation omitted).
>
> Appellant does not contest the fact that he received notice of the Commonwealth's intention to seek the mandatory minimum sentence on remand. *In this, he received more than the statute required.*

*Id.,* 528 Pa. at 319, 597 A.2d at 1136 (emphasis added).

From the foregoing, there can be no mistake that notice of intention to pursue a mandatory minimum sentence under § 9718 is necessary only before *acceptance of a guilty*

*plea.* Moreover, it is clear that such a requirement is born not of legislative enactment, but rather from judicial interpretation of due process guarantees, whose purposes are to inform defendant of *all* of the consequences of entering a guilty plea before the act has become a *fait accompli.* *See e.g. Commonwealth v. Cole,* 387 Pa.Super. 328, 334–36, 564 A.2d 203, 206 (1989) (*en banc*) (defendants must be, among other things, informed of the permissible range of sentences prior to the acceptance of a guilty plea); *Commonwealth v. Alston,* 387 Pa.Super. 393, 564 A.2d 235 (1989) (same).

■ In this case, the record is clear that appellant was in fact informed that his guilty plea would warrant a sentence of *at least* five years imprisonment. That this information came not from the Commonwealth, but rather from the trial court, is irrelevant. Whether the Commonwealth desired this penalty and/or whether the sentencing court found it appropriate are equally irrelevant. Neither the trial court nor the Commonwealth enjoy any discretion regarding the applicability of § 9718. What is important is that appellant was made aware of the consequences of his actions *prior* to the acceptance of his plea. Under these circumstances, his plea was knowingly, intelligently and voluntarily made.

Thus, we hold that while notice of the applicability of § 9718 to a defendant pleading guilty is required, it does not matter who supplied the notice. Because appellee was duly notified by the trial court of § 9718's applicability, his initial sentence of five to ten years which included the legislatively mandated minimum term of incarceration was lawful. The trial court, therefore, erred when it resentenced appellee below the legislatively mandated sentence contained in § 9718.

Judgment of sentence is vacated and the case is remanded to the trial court for resentencing consistent with this opinion. Jurisdiction is relinquished.