J-S17035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KURT LINO | : | |
| | : | |
| Appellant | : | No. 819 WDA 2022 |

Appeal from the Judgment of Sentence Entered June 15, 2022
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002239-2021

BEFORE: LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: November 1, 2023**

Appellant, Kurt Lino, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his jury trial convictions for aggravated indecent assault of a child, aggravated assault, simple assault, recklessly endangering another person, strangulation, indecent assault, and endangering the welfare of a child.[1] We affirm the convictions but vacate the judgment of sentence and remand for resentencing.

The trial court opinion set forth the relevant facts of this appeal as follows:

> The convictions arose from Appellant's actions in engaging in sexually inappropriate contact, with apparent signs of struggle, with a four-year-old female [("Child")] on or about January 11, 2021. Appellant, widower of the child's

---

[1] 18 Pa.C.S.A. §§ 3125(b), 2702(a)(1), 2701(a)(1), 2705, 2718(a)(1), 3126(a)(7), and 4304(a)(1), respectively.

maternal grandmother, resided with the child, the child's mother, S.W., and the child's nine-year-old half-sister, M.J., [in] Erie, Pennsylvania. On the evening of January 11, 2021, after the mother dropped off the child's half-sister, M.J., at that child's father's residence, the mother and [Child] returned home and went to bed together in the mother's upstairs bedroom. After the mother fell asleep, Appellant removed the child from bed and took her downstairs, ostensibly to watch a movie together.

After an unknown period, Appellant returned [Child] to the mother's bed where the mother was sleeping. When the mother woke in the morning, she noticed a scratch on the nose of [Child], where no scratch had been the night before. Shortly after 7:00 a.m., the mother dropped off [Child] at the residence of Linda Lander, the child's babysitter of approximately three years. The child slept for a short period at Lander's residence. After the child woke and Lander was helping her in the bathroom, Lander observed blood in the child's underwear. When the child attempted to urinate, she cried and told Lander "it hurt." The child told the babysitter in graphic terms she had pain in the genital area. As Lander changed the child's clothes, she observed blood at the child's genital area.

Upon inquiry, the child told Lander that Appellant had gotten the child up in the night to watch a movie downstairs while the mother was sleeping. The child related to the babysitter that Appellant told the child not [to] tell anyone what happened downstairs. Lander reported the incident to the mother who, by this time, had reported to work. The mother left work, and together with the child's father, took the child to the Erie CARE Clinic at UPMC Hospital in Erie, Pennsylvania, where a forensic examination was performed.

The combined findings upon initial examination and a subsequent follow-up examination at the hospital included abrasions or tears near the labia; a complete transection of the child's hymen consistent with genital penetration; ligature marks on the child's neck; genital bleeding; petechial marks on the exterior of both of the child's eyes and on her cheeks; and scratches under the child's cheeks. Testimony was introduced that Appellant's and the child's DNA was found in mixture samples from two mattress

cuttings.

(Trial Court Opinion, filed 10/20/22, at 1-2). On October 21, 2021, the Commonwealth filed a criminal information charging Appellant with offenses related to his abuse of Child.

On March 31, 2022, the Commonwealth filed a motion to admit certain out-of-court statements from Child pursuant to the "tender years" statute, 42 Pa.C.S.A. § 5985.1. Specifically, the Commonwealth sought to utilize testimony from a forensic interviewer about Child's statements from two interviews at the Children's Advocacy Center in 2021. The Commonwealth also sought to use testimony from Child's father regarding Child's statements following the assault. In a separate filing from that same day, the Commonwealth submitted a motion to allow Child to testify via videotape or in another room, outside the presence of Appellant, pursuant to 42 Pa.C.S.A. §§ 5984.1, 5985. In this motion, the Commonwealth argued that Child would suffer severe emotional distress if she was required to testify in Appellant's presence.

Also on March 31, 2022, after the Commonwealth filed its evidentiary motions, the court conducted a hearing on a previously filed motion for nominal bond.[2] After the court granted Appellant's motion and set bond at one dollar, the prosecutor raised the issue of the evidentiary motions she had

---

[2] Appellant filed his motion for nominal bond on February 18, 2022.

- 3 -

filed earlier in the day. The court expressed a desire to "take care of these [evidentiary motions] now," rather than "waste the time and delay this trial any further[.]" (N.T. Hearing, 3/31/22, at 9). At that point, the court scrutinized the motions with the prosecutor and defense counsel. Although defense counsel was initially reluctant to address motions that the Commonwealth had just filed, he did not object to the Commonwealth's positions after learning about the substance of the Commonwealth's arguments:

> [PROSECUTOR]: As a proffer for [defense counsel], the testimony, Your Honor, pursuant to the statute is merely the mother and father, based under their observations after the allegation and what happened, the—what they saw happen to their daughter and their belief that if she had to be face-to-face in a room at this tender age it would be their concern that [she] would just regress and go back to those—to just shut down.
>
> So, per the statute, that's why I was going to put that on the—
>
> [DEFENSE COUNSEL]: **I have no problem with her testifying in another room.**
>
> [PROSECUTOR]: That's exactly what this is. That's all I'm trying to explain out. We would do it in Room 209 outside of [Appellant's] presence, but [Appellant], of course, would be able to watch the proceedings via video and confer with [defense counsel]. So that's one of … the documents.
>
> [DEFENSE COUNSEL]: **Okay. I have no objection to that one.**
>
> [PROSECUTOR]: Yes. And then the one, Your Honor, was just to be able to put in the—the two, both recordings, that you have.

- 4 -

[DEFENSE COUNSEL]:     Of the—

[PROSECUTOR]:             Uh-huh.

[DEFENSE COUNSEL]:     Yeah.     **I don't have an objection to that.**  Again, I didn't get—

THE COURT:                   I understand.  I understand.

[PROSECUTOR]:             I'm just fleshing it out.  And then [Child's father's] testimony that I believe was at the prelim or not, what statements she had made to him.

[DEFENSE COUNSEL]:     Well, I think that's something that can be addressed at trial.

(*Id.* at 11-13) (emphasis added).

Despite these comments from defense counsel, Appellant filed a motion for reconsideration and motion *in limine* on April 11, 2022.  In the reconsideration motion, Appellant argued that the court erred by considering the Commonwealth's evidentiary motions at the March 31, 2022 hearing, "[d]espite repeated objections by counsel for [Appellant]."  (Motion for Reconsideration, filed 4/11/22, at ¶16).  Appellant maintained that the court erred by addressing the motions "without notice to" Appellant and "without a formal evidentiary hearing."  (*Id.*)  The motion *in limine* averred that Child's hearsay statements should be excluded because: 1) four-year-old Child is presumed to be incompetent; 2) the court failed to determine whether Child competently made the statements at issue; and 3) the court failed to determine whether Child's statements were subject to taint or undue influence.  (*See* Motion *In Limine*, filed 4/11/22, at ¶20, ¶¶22-23).

Also on April 11, 2022, the Commonwealth filed an amended motion to admit an out-of-court statement from Child pursuant to the tender years statute. In this filing, the Commonwealth sought to utilize testimony from, the babysitter, Ms. Lander, regarding Child's statements "relative to [Appellant] and the assault." (Motion, filed 4/11/22, at ¶1). The Commonwealth requested that the court conduct a hearing to determine the admissibility of the evidence under Section 5985.1.

On April 12, 2022, the parties appeared for the start of trial. Prior to jury selection, the court addressed the parties' outstanding pretrial motions. Initially, defense counsel complained about the Commonwealth's motions to admit Child's hearsay statements. Defense counsel insisted that Section 5985.1 "requires adequate notice and time to, you know, prepare a defense to the motions[.]" (N.T. Trial, 4/12/22, at 3-4). Defense counsel maintained that the court erred by considering the Commonwealth's motions at the March 31, 2022 hearing. Further, defense counsel argued that he did not have adequate time to prepare for the Commonwealth's amended motion filed on April 11, 2022.

The prosecutor responded that defense counsel "indicated on the record that he had no objection" to the Commonwealth's motions that the court addressed on March 31, 2022. (*Id.* at 5). Regarding the Commonwealth's amended motion, the prosecutor emphasized that the tender years statute "doesn't require that much notice," and defense counsel had already received

Ms. Lander's statement during discovery. (***Id.*** at 4). The court subsequently denied Appellant's motion for reconsideration and motion *in limine*. The court also permitted the Commonwealth to question Ms. Lander about Child's hearsay statements.

After addressing the pretrial motions, the prosecutor reminded the court of the need "to have some form of finding competency." (***Id.*** at 10). Thus, the court conducted an *in camera* hearing with Child. (***See id.*** at 13-20). Following the *in camera* hearing, the court deemed Child competent, counsel provided their opening statements, and the prosecutor called Child as her first witness. Child testified via teleconference from another room in the courthouse.

At the conclusion of trial, the jury found Appellant guilty on all counts. Prior to sentencing, on June 9, 2022, the Commonwealth filed notice of intent to seek a mandatory minimum sentence for the aggravated indecent assault of a child conviction, pursuant to 42 Pa.C.S.A. § 9718(a)(3). The court conducted Appellant's sentencing hearing on June 15, 2022. At that time, the court sentenced Appellant to an aggregate term of twenty-three (23) to forty-six (46) years' imprisonment. The sentence included a Section 9718 mandatory minimum term of ten (10) years' imprisonment for the aggravated indecent assault of a child conviction.

Appellant timely filed a notice of appeal on July 13, 2022. On July 26, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise

statement of errors complained of on appeal.[3]  Appellant timely filed his Rule

1925(b) statement on August 15, 2021.

Appellant now raises two issues for this Court's review:

> Whether the trial court abused its discretion and/or committed an error of law when it granted the Commonwealth's motion to allow child witness to testify and notice of intent to use hearsay evidence without conducting a hearing and denied Appellant's motion to reconsider and motion *in limine*?

> Whether an error of law occurred when the trial court granted Commonwealth's notice of intent to seek mandatory minimum sentence?

---

[3] Appellant's Rule 1925(b) statement preserved the following claims:

> Prior to trial the [trial] court erred in granting the Commonwealth's motion to allow child witness to testify pursuant to 42 Pa.C.S.A. § 5984.1 and/or § 5985 and notice of intent to use hearsay evidence pursuant to 42 Pa.C.S.A. § 5985.1 on March 31, 2022, when a bond hearing was scheduled to be heard without any notice to [Appellant], without the motions being filed and scheduled for a hearing, and without conducting an *in camera* hearing as required by the statute.

> In failing to grant [Appellant's] motion *in limine* to exclude hearsay as unreliable from a witness that is not competent.

> In granting Commonwealth's notice of intent to seek mandatory minimum sentence filed less than a week prior to sentencing, after conviction and without the submission of the alleged enhancing element being submitted to the fact-finder for deliberation in violation of 42 Pa.C.S.A. § 9718(c) and (c.1).

(Rule 1925(b) Statement, filed 8/15/22, at 2) (some capitalization and numbering omitted).

(Appellant's Brief at 3).

In his first issue, Appellant raises three distinct arguments to attack the court's evidentiary rulings on the Commonwealth's pretrial motions. First, Appellant cites Section 5984.1(b) for the proposition that the court should have observed and questioned Child **before** granting the Commonwealth's motion to allow Child to testify from a location outside the courtroom.[4] (**See id.** at 10). Next, Appellant baldly asserts that the court "abused its discretion and/or committed an error of law in denying [Appellant's] motion *in limine* to exclude hearsay as unreliable for a witness that is not competent." (**Id.** at 9). Finally, Appellant complains that the court erred in granting the amended motion to admit Child's hearsay statement to Ms. Lander, where the Commonwealth did not provide notice of its intent to use the statement "sufficiently in advance" of trial. (**Id.** at 14) (quoting 42 Pa.C.S.A. § 5985.1(b)). Appellant concludes that this Court must vacate his convictions on these bases. We disagree.

This Court's standard of review for issues regarding the admissibility of evidence is well settled:

> Questions concerning the admissibility of evidence are

---

[4] Although Appellant cites to Section 5984.1, this statute deals with situations where a child witness's testimony is recorded for presentation in court. Here, Child's testimony was not recorded. Rather, the court permitted Child "to testify via teleconference from another room[.]" (N.T. Trial, 4/12/22, at 38). Therefore, we will proceed to analyze the comparable provision contained in Section 5985, which governs testimony by contemporaneous alternative method.

within the sound discretion of the trial court and we will not reverse a trial court's decision concerning admissibility of evidence absent an abuse of the trial court's discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. LeClair*, 236 A.3d 71, 78 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 244 A.3d 1222 (2021) (quoting *Commonwealth v. Belknap*, 105 A.3d 7, 9-10 (Pa.Super. 2014)).

Section 5985 governs a child victim's testimony by contemporaneous alternative method, in pertinent part:

**§ 5985. Testimony by contemporaneous alternative method**

**(a) Contemporaneous alternative method.—** Subject to subsection (a.1), in any prosecution or adjudication involving a child victim or a child material witness, the court may order that the testimony of the child victim or child material witness be taken under oath or affirmation in a room other than the courtroom and transmitted by a contemporaneous alternative method. Only the attorneys for the defendant and for the Commonwealth, the court reporter, the judge, persons necessary to operate the equipment and any person whose presence would contribute to the welfare and well-being of the child victim or child material witness, including persons designated under section 5983 (relating to rights and services), may be present in the room with the child during his testimony. The court shall permit the defendant to observe and hear the testimony of the child victim or child material witness but shall ensure that the child cannot hear or see the defendant. The court shall make certain that the defendant and defense counsel have adequate opportunity to communicate for the purposes of providing an effective

- 10 -

defense. Examination and cross-examination of the child victim or child material witness shall proceed in the same manner as normally permitted.

**(a.1) Determination.—**Before the court orders the child victim or the child material witness to testify by a contemporaneous alternative method, the court must determine, based on evidence presented to it, that testifying either in an open forum in the presence and full view of the finder of fact or in the defendant's presence will result in the child victim or child material witness suffering serious emotional distress that would substantially impair the child victim's or child material witness's ability to reasonably communicate. In making this determination, the court may do all of the following:

(1) Observe and question the child victim or child material witness, either inside or outside the courtroom.

(2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child victim or child material witness in a medical or therapeutic setting.

42 Pa.C.S.A. § 5985(a), (a.1).

Additionally, the statute governing the tender years exception to the hearsay rule provides, in relevant part:

**§ 5985.1. Admissibility of certain statements**

**(a) General rule.—**

(1) An out-of-court statement made by a child victim or witness, who at the time the statement was made was 16 years of age or younger, describing any of the offenses enumerated in paragraph (2), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(i) the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient

- 11 -

indicia of reliability; and

  (ii) the child either:

    (A) testifies at the proceeding; or

    (B) is unavailable as a witness.

* * *

**(b) Notice required.—**A statement otherwise admissible under subsection (a) shall not be received into evidence unless the proponent of the statement notifies the adverse party of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which the proponent intends to offer the statement into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement.

42 Pa.C.S.A. § 5985.1(a)(1), (b).

Instantly, the trial court determined that it did not commit reversible error in addressing the Commonwealth's evidentiary motions at the March 31, 2022 hearing:

> Ultimately, an *in camera* interview of the child was conducted on April 12, 2022 before the trial began. The fact [that] the [c]ourt initially addressed the Commonwealth filings on March 31, 2022 at a hearing originally scheduled on Appellant's unrelated motion to be released on nominal bail is of no moment. At the hearing on March 31, 2022, following an offer of proof by the Commonwealth, Appellant's counsel stipulated he had no objection to the child testifying live, outside the presence of Appellant, and to playing for the jury the two recordings of forensic interviews with the child.

(Trial Court Opinion at 5). The record supports the court's assertions in this regard. Further, we emphasize defense counsel's comment from the first day

of trial: "Again, I don't object to the child testifying in another room." (N.T. Trial, 4/12/22, at 7).

Even if defense counsel had provided additional argument against the ruling that allowed Child to testify from a location outside the courtroom, we note that Appellant's motion for reconsideration requested that the court "[c]onduct an *in camera* hearing to determine whether the evidence is relevant and reliable[.]" (Motion for Reconsideration at ¶17(D)(1)). Subsequently, the court conducted the *in camera* hearing that Appellant requested. Defense counsel was present during the *in camera* hearing, but he did not have any questions for Child. (**See** N.T. Trial, 4/12/22, at 19). On this record, we cannot say that the court committed any error in granting the Commonwealth's request to allow Child to testify in another location or denying Appellant's motion for reconsideration. **See LeClair, supra**; 42 Pa.C.S.A. § 5985.

To the extent Appellant claims that the court erred in denying his motion *in limine* to exclude Child's hearsay statements as unreliable, the court expressly found Child to be competent following the *in camera* hearing. (**See** Trial Court Opinion at 10). Appellant does not cite to the record to point out any flaws in the *in camera* hearing, and he does not argue that Child was unable to perceive the nature of the events about which she testified. **See Commonwealth v. Hutchinson**, 611 Pa. 280, 25 A.3d 277 (2011), *cert. denied*, 566 U.S. 1035, 132 S.Ct. 2711, 183 L.Ed.2d 70 (2012) (stating

competency hearing for minor witness is directed to mental capacity of that witness to perceive nature of events about which she is called to testify, to understand questions about that subject matter, to communicate about subject at issue, to recall information, to distinguish fact from fantasy, and to tell truth).  Thus, we decline any invitation to revisit the court's competency determination.  *See id.* (stating competency is threshold legal issue to be decided by trial court).

Finally, Appellant's Rule 1925(b) statement did not include his argument about the Commonwealth's failure to provide adequate notice of its intent to have Ms. Lander testify about Child's hearsay statements.  (*See* Rule 1925(b) Statement at 2).  Appellant's argument is waived on this basis.  *See Commonwealth v. Carr*, 227 A.3d 11, 18 (Pa.Super. 2020) (observing any issues not raised in Rule 1925(b) statement will generally be deemed waived). Accordingly, Appellant is not entitled to relief on his first claim.

In his second issue, Appellant argues that the Commonwealth must provide notice of its intent to seek a Section 9718 mandatory minimum sentence prior to conviction.  Appellant maintains that the Commonwealth did not provide notice until after the conviction in this case.  Appellant concludes the court committed an error of law by imposing a Section 9718 mandatory minimum sentence for the aggravated indecent assault of a child conviction in this case.  We agree.

"[B]ecause a sentencing court loses its authority to exercise discretion

when a mandatory minimum sentence applies, the question of the propriety of applying a mandatory minimum sentencing provision implicates [the] legality" of the sentence. ***Commonwealth v. Prinkey***, ___ Pa. ___, ___, 277 A.3d 554, 564 (2022) (quoting ***Commonwealth v. Wolfe***, 636 Pa. 37, 57, 140 A.3d 651, 663-64 (2016) (Baer, J., concurring)). Section 9718 provides a mandatory ten-year term of imprisonment for any person convicted of aggravated indecent assault of a child. 42 Pa.C.S.A. § 9718(a)(3). "Notice to the defendant of the applicability of this section shall be required prior to conviction." 42 Pa.C.S.A. § 9718(c.1).

Instantly, the trial court recognized that it erred by imposing a Section 9718 mandatory minimum sentence under the circumstances of this case:

> [T]he record is devoid [of evidence that] the Commonwealth provided notice of the applicability of the mandatory minimum sentence prior to conviction in the event Appellant was convicted at count one. At sentencing, the Commonwealth conceded it did not provide Appellant notice prior to conviction. The Commonwealth erroneously argued that pursuant to [***Commonwealth v. Schmuck***, 561 A.2d 1263 (Pa.Super. 1989)], this notice requirement only applies in the guilty plea context. The Commonwealth's reliance on ***Schmuck*** is misplaced as ***Schmuck*** was decided before the statute was amended by adding § 9718(c.1).

(Trial Court Opinion at 12) (internal citation to the record omitted).

We agree and conclude that we must vacate the illegal sentence for Appellant's aggravated indecent assault of a child conviction. ***See Prinkey, supra***; 42 Pa.C.S.A. § 9718(c.1). Because our disposition might upset the trial court's overall sentencing scheme, we vacate the entire judgment of

- 15 -

sentence and remand for resentencing. **See Commonwealth v. Bartrug**, 732 A.2d 1287, 1289 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error on one count in multi-count case normally requires appellate court to vacate entire judgment of sentence so trial court can restructure its sentencing plan on remand). We affirm the convictions in all other respects.

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/01/2023