597 A.2d 1135

COMMONWEALTH of Pennsylvania, Appellee,

v.

James B. HEATH, Jr., Appellant.

Supreme Court of Pennsylvania.

Argued April 9, 1991.

Decided Oct. 7, 1991.

Vincent J. Quinn, Chief Public Defender, for appellant.

Henry S. Kenderdine, Jr., Dist. Atty., James J. Karl, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

This is an appeal by James B. Heath, Jr. from an order of the Superior Court affirming the judgment of sentence of the Court of Common Pleas of Lancaster County. 400 Pa.Super. 618, 576 A.2d 1133. The question presented is whether the court, which resentenced appellant after his original sentence was vacated, erred by imposing the mandatory minimum sentence for involuntary deviate sexual intercourse pursuant to 42 Pa.C.S. § 9718, when the original sentence was vacated by Superior Court for the Commonwealth's failure to give notice of its intent to seek the mandatory minimum prior to the sentencing hearing. We find that the Commonwealth's failure to give notice prior to the original sentence is not relevant to the imposition of the mandatory minimum sentence and thus affirm.

Appellant was found guilty by a jury of involuntary deviate sexual intercourse, statutory rape, indecent assault, indecent exposure and corruption of minors. All of the offenses charged involved the same five-year-old child.[1] In the first sentencing proceeding, the trial court sentenced appellant to a total of seven to nineteen years imprisonment and seven years probation. This sentence included the minimum term of five years imprisonment for the charge of

---

1. Appellant was also convicted of simple assault, indecent assault, indecent exposure and corruption of minors involving two other minor victims.

involuntary deviate sexual intercourse when the victim is under sixteen years of age. 42 Pa.C.S. § 9718.[2]

In appellant's first appeal to Superior Court, he argued, inter alia, that the trial judge erred when he imposed the mandatory minimum sentence under § 9718 since the Commonwealth had not first provided notice of its intention to seek the sentence. As stated above, a panel of the Superior Court agreed that notice was required, vacated the judgment of sentence, and remanded the matter for resentencing. *Commonwealth v. Heath*, 382 Pa.Super. 642, 549 A.2d 1339 (1988) (memorandum opinion).[3]

On remand, the Commonwealth gave notice of its intention to seek the mandatory minimum sentence. The trial court then imposed the identical sentence that it had imposed at the first sentencing. Heath appealed that judgment of sentence to Superior Court, arguing that the trial court abused its discretion in imposing the same sentence because the Commonwealth had not given notice of its intention to seek the mandatory minimum sentence under § 9718 until after remand. As stated, the Superior Court affirmed the judgment of sentence, finding that the sentence imposed was correct and that the procedure followed by the trial court was consistent with the Sentencing Code.

The statute in question here, 42 Pa.C.S. § 9718, contains no notice requirement. The General Assembly has clearly

2. **§ 9718. Sentences for offenses against infant persons**
   (a) **Mandatory sentence**—A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:

   18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)—not less than five years.
   (b) Eligibility for parole.—Parole shall not be granted until the minimum term of imprisonment has been served.

3. Subsequently, the Superior Court in a reported opinion, held that due process did not require that defendants receive notice of the Commonwealth's intention to seek the mandatory five year sentence under section 9718. *Commonwealth v. Crum*, 380 Pa.Super. 280, 289–90, 551 A.2d 584, 589 (1988), alloc. denied, 522 Pa. 593, 562 A.2d 318 (1989).

stated that when a person is convicted of involuntary deviate sexual intercourse and the victim is under the age of sixteen, the perpetrator shall be sentenced to a mandatory term of at least five years imprisonment. The legislature has left no room in the statute for prosecutorial or judicial discretion to sentence to a lesser term.

Unlike 42 Pa.C.S. §§ 9712 through 9715, where the legislature explicitly requires the Commonwealth, after conviction but prior to sentencing, to serve notice of its intent to seek mandatory sentencing, § 9718 contains no such verbiage, cf. *Commonwealth v. Pittman*, 515 Pa. 272, 528 A.2d 138 (1987). "Where a section of a statute 'contains a given provision, the omission of such provision from a similar [section] is significant to show a different intention existed.'" *Commonwealth v. Bigelow*, 484 Pa. 476, 484, 399 A.2d 392, 395 (1979) (citation omitted).

Appellant does not contest the fact that he received notice of the Commonwealth's intention to seek the mandatory minimum sentence on remand. In this, he received more than the statute required. His argument is simply that the Commonwealth waived any right it may have had to seek the mandatory minimum sentence since it did not provide such notice before the original sentencing and it did not appeal from the Superior Court order of remand.

Superior Court did not remand for imposition of a sentence other than the mandatory minimum sentence, as appellant would have us believe. This case was remanded for sentencing consistent with the Sentencing Code. The Commonwealth's decision to abide by the Superior Court's initial ruling, later rejected in *Crum*, in no way operates to prevent the proper application of the law at the resentencing ordered by that court.

Judgment Affirmed.