**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**John LEE, Appellant.**

**Commonwealth of Pennsylvania,**
**Appellee**

**v.**

**John Lee, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 2007.

Filed April 1, 2008.

Reargument Denied May 30, 2008.

Erin K. Morey, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

1. 18 Pa.C.S.A. § 5511(a)(2.1)(i)(A).

BEFORE: HUDOCK, MUSMANNO and TAMILIA, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 These consolidated appeals are from the judgment of sentence and restitution Order entered against John Lee ("Lee") following his conviction of cruelty to animals.[1] The trial court sentenced Lee to four years of probation and restitution in the amount of $3,156.00. We vacate the judgment of sentence and remand for re-sentencing. We affirm the trial court's Order of restitution.

¶ 2 The trial court aptly summarized the facts as follows:

> At approximately 11:30 a.m. on June 21, 2006, Deputy Sheriff Robert Noone went to [Lee's] residence for the purpose of evicting him. [Lee] was not at home. While searching the residence, Sheriff Noone found [Lee's] dog ... in the garage. The dog was in very poor condition. There was urine and feces everywhere and the dog did not have food or water. Sheriff Noone called Animal Control and the Humane Society.

> Officer Kathy Hecker, a Humane Society police officer, ... arrived and observed the dog. She [observed] that he was just huddled like a heap on the ground, just skin and bones. The dog was unable to walk, so she carried him to their van. She indicated that the dog, who only weighed seventeen (17) pounds, was suffering from starvation in that his eyes were sunken, he was listless and very weak. He was treated intravenously and remained in the intensive care unit for ten days.

Opinion of Court, 6/6/07, at 2 (internal quotations and citations omitted).

¶ 3 After a non-jury trial, the trial court found Lee guilty of the above-described charge. The trial court subsequently sentenced Lee to four years of probation. The Commonwealth additionally requested that Lee be ordered to pay $7,114.00 to Animal Friends, the shelter that had provided medical care to Lee's dog. This amount was based on one hundred sixty-nine days of hospitalization.

¶ 4 Lee challenged the Commonwealth's restitution figure as excessive. After a hearing to determine the appropriate amount of restitution, the trial court reduced the amount to $3,156.00, payable to Animal Friends. The trial court reached this figure by reducing the numbers of days of hospitalization to be reimbursed. N.T., 4/18/07, at 10. Thereafter, Lee filed the instant timely appeal.

¶ 5 On appeal, Lee presents the following questions for our review:

I. Was [Lee's] sentence illegal, where the length of his probation exceeded the statutory maximum term of incarceration for the offense he was convicted of [sic]?

II. Was [Lee's] sentence of restitution illegal where it was directed to be paid to a third party who was not a "victim" under the applicable statute; and where restitution was not determined at the time of his sentencing but 30 days later?

Brief for Appellant at 4 (capitalization omitted).

**2.** Section 9721(c) of title 42 provides, in part, as follows:

[T]he court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained....

42 Pa.C.S.A. § 9721(c). Section 1106 of the Crimes Code, provides, in relevant part, as follows:

¶ 6 Lee first complains that his probationary sentence was illegal. The trial court "agrees that the length of the sentence is illegal, in that, although this offense is graded as a First Degree Misdemeanor, the statute ([18 Pa.C.S.A.] § 5511(a)(2.1)(ii)) provides for a maximum term of imprisonment of two years." Opinion of Court, 6/6/07, at 4. The Commonwealth concedes the necessity of a remand. Commonwealth's Brief at 2. Accordingly, we vacate the judgment of sentence and remand this matter for resentencing as to the length of the probationary period.

¶ 7 Lee next claims that the trial court's restitution Order is illegal because (a) the restitution is payable to Animal Friends, which is not a "victim" under the restitution statutes; and (b) the restitution Order was not imposed at the time of sentencing. "In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law." *Commonwealth v. Langston*, 904 A.2d 917, 922 (Pa.Super.2006).

¶ 8 Lee claims that the trial court erred in ordering him to pay restitution to Animal Friends, because Animal Friends is not a "victim" pursuant to 42 Pa.C.S.A. § 9721(c) and 18 Pa.C.S.A. § 1106.[2] However, Lee's argument in this regard is misplaced, as there exists independent statutory authority to require the payment of restitution in this case.

(a) General rule.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefore.

18 Pa.C.S.A. § 1106(a).

¶ 9 Lee was convicted of animal cruelty pursuant to section 5511(a)(2.1)(i)(A) of the Crimes Code, 18 Pa.C.S.A. § 5511(a)(2.1)(i)(A). Section 5511(*l*), entitled "search warrants", provides for the seizure of animals and evidence of animal cruelty. 18 Pa.C.S.A. § 5511(*l*). Included in that section is the following provision:

> The cost of the keeping, care and destruction of the animal shall be paid by the owner thereof and claims for the costs shall constitute a lien on the animal. In addition to any other penalty provided by law, the authority imposing sentence upon a conviction for any violation of this section may require that the owner pay the cost of the keeping, care and destruction of the animal.

18 Pa.C.S.A. § 5511(*l*). Thus, section 5511(*l*) provides separate statutory authority for the trial court's Order. Lee does not assert that the restitution Order is illegal under section 5511(*l*) of the Crimes Code. On this basis, we conclude that Lee's claim regarding the lack of statutory authorization for the trial court's Order, which required Lee to pay the costs for the animal's care to Animal Friends, is without merit.[3]

¶ 10 Lee next claims that the trial court's restitution Order is illegal because there was no initial determination of the amount of restitution made by the trial court at the time of sentencing. Brief for Appellant at 10. Lee asserts that pursuant to section 1106(c)(4) of the Crimes Code, restitution must be determined at the time of sentencing. *Id.* We disagree.

¶ 11 As set forth above, the trial court's Order requiring Lee to pay animal care costs was authorized by section 5511(*l*) of the Crimes Code. Section 5511(*l*) does not require that the trial court provide its recommendation at or prior to the time of sentencing. On this basis, we conclude that Lee's challenge, predicated upon a specific requirement set forth in section 1106(c)(4), is without merit.

¶ 12 Judgment of sentence vacated and remanded for re-sentencing; Order of restitution affirmed; Superior Court jurisdiction relinquished.

---

3. This Court granted panel reconsideration in order to address the Commonwealth's assertion that restitution to Animal Friends is authorized by 42 Pa.C.S.A. § 5511(*l*). The Commonwealth did not raise the applicability of 42 Pa.C.S.A. § 5511(*l*) in its Appellee's Brief and, on this basis, Lee asserts that the claim is waived. However, panel reconsideration is appropriate where, as here, the panel "overlooked ... a controlling or directly relevant authority." *See* Pa.R.A.P. 2543, note (indicating the character of the reasons that will be considered in determining whether reargument before the appellate court is appropriate). In addition, we are cognizant that a ruling or decision of a lower court will be affirmed if it can be supported on any basis. *Commonwealth v. Judge,* 591 Pa. 126, 916 A.2d 511, 517 (2007). Because the trial court's Order may be affirmed on the basis that it is statutorily authorized by 18 Pa. C.S.A. § 5511(*l*), we conclude that the question regarding the applicability of this section is not waived.