**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Andre HALL, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 10, 2009.

Filed May 4, 2010.

Jennifer Andress, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., STEVENS, MUSMANNO, BENDER, BOWES, GANTMAN, DONOHUE, SHOGAN and ALLEN, JJ.

OPINION BY SHOGAN, J.:

¶ 1 Appellant, Andre Hall, appeals from the judgment of sentence entered on August 6, 2007, in the Philadelphia County Court of Common Pleas. The judgment of sentence included a term of imprisonment followed by probation for his conviction of voluntary manslaughter. As a condition of probation, the sentencing court directed Appellant to pay child support to the decedent's two young children. Appellant appeals this condition. Because we hold that the portion of the sentence that required Appellant to pay child support for the decedent's children was an illegal sentence, we vacate the judgment of sentence and remand for re-sentencing.

¶ 2 Throughout 2004, Appellant was romantically involved with, and fathered a

child with, Tamisha Townson ("Townson"). Townson already had two children with her ex-husband Jonathan Williams ("Williams" or "the decedent"). Townson and the decedent were still active in each other's lives when Appellant and Townson began their romantic relationship. On December 12, 2004, at approximately 6:00 a.m., Appellant and Townson were in bed together at Townson's home when the decedent telephoned Townson and wanted to come to her residence. While Townson was on the phone with the decedent, Appellant left the house. As he was leaving, Appellant encountered the decedent outside and shot him. The decedent was then transported to a hospital where he died at approximately 7:30 a.m.

¶ 3 Following a jury trial, which was held on August 4, 2005 and August 5, 2005, Appellant was found guilty of voluntary manslaughter. On September 20, 2005, the court sentenced Appellant to five to ten years of incarceration followed by ten years of reporting probation. The court also ordered Appellant to pay child support for Appellant's own child with Townson, as well as the decedent's children with Townson. Appellant appealed.

¶ 4 In a Memorandum filed on June 12, 2007, this Court affirmed Appellant's conviction, but it vacated the judgment of sentence and remanded for re-sentencing directing the sentencing court to clarify whether the order to pay support for decedent's children was a direct sentence or a condition of probation. *Commonwealth v. Hall,* 931 A.2d 45 (Pa.Super.2007) (unpublished memorandum). At the re-sentencing hearing, the sentencing court explained that it was not a direct sentence:

Well, I will clarify for the Superior Court, should this go back to the Superior Court, that the reason that I ordered that you pay towards support for the children of the decedent was for the rehabilitative purposes that would serve upon you, [Appellant]; and they were ordered as a condition of probation for that very reason.

And as to CP–51–CR–0400131–2005, as to the charge of voluntary manslaughter, felony of the first degree, the sentence of the Court is not less than five years, nor more than ten years, to be followed by ten years reporting probation, which will be supervised by the state Board of Probation and Parole.

As I have indicated, you will be required to pay towards the support of the decedent's children, and that will be based on your ability to pay. But I am also going to order that it be no less than $100 per child per month. And if you are not able to pay that, then that will be brought to my attention or to the attention of the probation department.

Actually, that's going to be supervised. The supervision is going to be under the county supervision. I think that will be easier to monitor those restitution payments if it's under the county instead of under the state.

N.T. Re-sentencing, 8/6/07, at 22–23.

¶ 5 On appeal, Appellant argues the sentence is illegal because the court did not have the statutory authority to order him to pay restitution in the form of child support to the decedent's children. Appellant asserts that restitution has never been interpreted to mean child support. Appellant's Brief at 9. In the alternative, Appellant argues the sentencing court abused its discretion when it sentenced Appellant as a condition of probation to pay child support to the decedent's children. *Id.* at 16.

¶ 6 It is well settled that a challenge to a court's authority to impose restitution is generally considered to be a challenge to the legality of the sentence. *Commonwealth v. Langston,* 904 A.2d 917

(Pa.Super.2006) (citing *Commonwealth v. Colon,* 708 A.2d 1279 (Pa.Super.1998)). "[A]ppellant's claim, that [a] minor child is not a 'victim' statutorily entitled to restitution, implicates the legality of the restitution sentence." *Id.* 904 A.2d at 921.

¶ 7 Our standard of review in determining the legality of a sentence is as follows:

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Johnson,* 910 A.2d 60, 66 n. 5 (Pa.Super.2006) (citation omitted).

¶ 8 In its Pa.R.A.P. 1925(a) Opinion, the sentencing court explained the child support requirement as rehabilitative in nature, and stated that it was imposed as restitution under the Sentencing Code (42 Pa.C.S.A. §§ 9701 *et seq.*) as a condition of probation. Trial Court Opinion, 5/12/08, at 3. The Sentencing Code provides that the sentencing court may impose a sentence of probation (42 Pa.C.S.A. § 9754(b)), and as a condition of probation, the court may require the defendant to make restitution for the losses he caused in an amount he can afford to pay. 42 Pa.C.S.A. § 9754(c)(8). The sentencing court may also require the defendant to satisfy any other conditions reasonably related to rehabilitation. 42 Pa.C.S.A. § 9754(c)(13).

¶ 9 While the Sentencing Code does not provide a definition of restitution, our Supreme Court has explained that restitution "refers to compensation required for the wrongful appropriation of money or property." *Commonwealth v. Walton,* 483 Pa. 588, 595 n. 10, 397 A.2d 1179, 1183 n. 10 (1979).[1] Here, the sentencing court ordered Appellant to pay child support to the decedent's children as restitution under the authority of 42 Pa.C.S.A. § 9754(c)(8) and for rehabilitative purposes under 42 Pa.C.S.A. § 9754(c)(13).[2]

¶ 10 Thus, even without causation, a sentencing court may impose restitution under the Sentencing Code as a condition of probation when it is intended to rehabilitate a defendant. 42 Pa.C.S.A. § 9754(c)(13); *Commonwealth v. Harriott,* 919 A.2d 234, 238 (Pa.Super.2007). Furthermore, the sentencing court is vested with broader discretion when imposing restitution as a condition of probation as opposed to restitution as a direct sentence. *Commonwealth v. Harner,* 533 Pa. 14, 21, 617 A.2d 702, 706 (1992). The restitution ordered in the instant case as a condition of probation was not a direct sentence under the Crimes Code (18 Pa.C.S.A.

---

**1.** We cannot apply the definition of restitution from the Crimes Code to the Sentencing Code because the Crimes Code provides a broader definition of restitution than implied by the Sentencing Code.

> Restitution and reparation mean different things. Restitution ordinarily refers to compensation for the wrongful taking of property, reparation, to compensation paid for [physical] injury.... Section 1106 of the Crimes Code uses the term restitution to describe both types of compensation.... [T]he Sentencing Code, however, specifically refers to both restitution and reparation.

*Commonwealth v. Fuqua,* 267 Pa.Super. 504, 407 A.2d 24, 26 n. 5 (1979) (overruled on other grounds); *see also Walton,* 483 Pa. at 595 n. 10, 397 A.2d at 1183 n. 10.

**2.** We note that the sentencing court made no finding regarding whether or not the decedent actually supported his children with Townson prior to his demise. Moreover, there is nothing in the record reflecting how the sentencing court arrived at the dollar amount of $100.00 per month per child.

§§ 101 *et seq.)* pursuant to 18 Pa.C.S.A. § 1106. *See Harriott,* 919 A.2d at 237–238 (Pa.Super.2007) (stating that restitution imposed under 18 Pa.C.S.A. § 1106(a) is a direct sentence, rather than a condition of probation or intermediate punishment).

¶ 11 As explained by the sentencing court, the present case specifically deals with § 9754 of the Sentencing Code, and the nature of conditions that can be attached to an order of probation. Trial Court Opinion, 5/12/08, at 3. In *Commonwealth v. Crosby,* 390 Pa.Super. 140, 568 A.2d 233 (1990), this Court held the sentencing court erred when it ordered a defendant, as a condition of probation, to forfeit his truck after pleading guilty to driving while under the influence of alcohol. After reviewing all of the statutory conditions of probation authorized under § 9754(c), this Court held, "None of the specific conditions in § 9754(c) explicitly or implicitly authorize the economic deprivation as has been ordered in this case." *Id.* at 236. Therefore, to the extent a sentence of probation is intended to rehabilitate a defendant, the associated probation conditions must serve that end.[3]

¶ 12 In the instant case, the sentencing court explained the "intent [of the sentence] was that the defendant level the field he had disrupted when he killed the other children's father by contributing to their financial support." Trial Court Opinion, 5/12/08, at 5–6. Ultimately, the sentencing court's order may be considered socially laudable, and it is certainly a compassionate response to a tragic situation. However, the true purpose behind the order was clearly to support the decedent's children and **not to rehabilitate Appellant**.

¶ 13 Moreover, the decedent's children were not victims in this case. While the children may have been "victimized" by the crime, they were not victims themselves. The sentencing court cites *Harner, supra,* as support for the order of restitution. In *Harner,* the Supreme Court discussed the trial court's ability to impose restitution as a condition of probation. However, in *Harner,* the payee of the restitution order was the actual victim of the crime and not, as here, simply an individual or individuals who were tangentially affected due to their relationship to the victim.

¶ 14 Our research has not revealed any Pennsylvania case where restitution has been interpreted to mean child support. Furthermore, in both *Commonwealth v. Langston,* 904 A.2d 917 (Pa.Super.2006) and *Commonwealth v. Opperman,* 780 A.2d 714 (Pa.Super.2001), panels of this Court concluded that it was error to order restitution to a third party who was not a direct victim of the crime. While both *Langston* and *Opperman* dealt with direct sentences under 18 Pa.C.S.A. § 1106, the discussion as to who and what can be a **victim** is instructive.[4] We find *Langston*

---

3. Furthermore, to the extent a sentence of probation is imposed to make restitution for losses caused by the defendant's criminal conduct, there should be proof of the damages suffered. *See Harner,* 533 Pa. at 23, 617 A.2d at 707 (Under 42 Pa.C.S. § 9754(c)(8), the trial court is obligated "to determine what loss or damage has been caused, and what amount of restitution appellant can afford to pay, and how it should be paid.").

4. *Compare Commonwealth v. Lee,* 947 A.2d 199 (Pa.Super.2008). In *Lee,* the trial court ordered restitution as part of the defendant's direct sentence. A panel of this Court concluded that directing restitution to a third party animal shelter, which was not a direct victim, following the defendant's conviction for cruelty to animals was not illegal as there was separate statutory authority to permit the restitution under 18 Pa.C.S.A. § 5511(*l*) ("The cost of the keeping, care and destruction of the animal shall be paid by the owner

to be particularly instructive in that the facts of that case are similar to the case at bar. In *Langston*, a panel of this Court vacated an order of restitution to guardians of a child whose father was killed as a result of defendant's driving under the influence as the child was not a direct victim. Similarly, in *Opperman*, this Court held that an insurance company was not a victim and concluded that it was error to order restitution to a third party who was not a direct victim of the crime.

¶ 15 Upon review, we are constrained to conclude that the decedent's children, while certainly affected by Appellant's crime, were not direct victims and that restitution cannot be in the form of child support to the decedent's children. The payment of child support was not compensation for the wrongful appropriation of money or property, and it does not fall within the plain meaning of restitution set forth in *Walton, supra*. Moreover, the order of restitution was not a directive for Appellant "[t]o make restitution for the fruits of his crime" (42 Pa.C.S.A. § 9754(c)(8)), nor was it "reasonably related to the rehabilitation of the defendant" (42 Pa.C.S.A. § 9754(c)(13)). We reiterate the statement by the trial court that the "intent [of the sentence] was that the defendant level the field he had disrupted when he killed the other children's father by contributing to their financial support." Trial Court Opinion, 5/12/08, at 5–6. While we acknowledge the sentencing court's good intention, the sentence was not authorized under Pennsylvania law.

¶ 16 For the reasons set forth above, we vacate the judgment of sentence. Because the sentence is illegal, we do not reach Appellant's alternate argument that the trial court abused its discretion.

¶ 17 Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

¶ 18 ALLEN, J., files a Dissenting Opinion which is joined by FORD ELLIOTT, P.J., STEVENS, J., and BOWES, J.

DISSENTING OPINION BY ALLEN, J.:

¶ 1 Unlike the Majority, I interpret 42 Pa.C.S.A. § 9754(c)(8) as vesting the trial court with the statutory authority to order Appellant to pay restitution as a condition of probation. Hence, I respectfully dissent.

¶ 2 Tamisha Townson ("Townson") and Jonathan Williams ("Decedent") were married in 1996 and had two children together. Townson divorced Decedent in 2001 and became romantically involved with Appellant. Decedent, nonetheless, frequently visited Townson's house to see his children, and Townson would often borrow Decedent's car to run errands. On December 12, 2004, at approximately 6:00 a.m., Appellant and Townson were sleeping at Townson's home when Decedent called Townson, stating that he wanted to come to her residence. As Decedent and Townson talked, Appellant went outside, encountered Decedent in the streets and fatally shot him. A jury convicted Appellant of voluntary manslaughter, and the trial court sentenced Appellant to five to ten years imprisonment. In addition, the trial court sentenced Appellant to a consecutive term of ten years probation. As a condition of probation, the trial court or-

---

thereof and claims for the costs shall constitute a lien on the animal. In addition to any other penalty provided by law, the authority imposing sentence upon a conviction for any violation of this section may require that the owner pay the cost of the keeping, care and destruction of the animal.").

dered Appellant to pay $200 a month towards the support of Decedent's children.

¶ 3 On appeal, Appellant contends that the trial court erred in ordering restitution as a condition of probation because Decedent's children were not "victims" who sustained personal injury under 42 Pa.C.S.A. § 9754(c)(8). Appellant also asserts that the trial court could only order restitution to Decedent, the direct victim of the crime, for loss or damage occurring to his person. Because Decedent's children were not "victims" of the crime and did not sustain personal injury, Appellant posits that the trial court's restitution order was illegal. I disagree.

¶ 4 Restitution is a statutory creation and may be imposed by a court as a direct sentence, pursuant to 18 Pa.C.S.A. § 1106, or as a condition of probation, pursuant to 42 Pa.C.S.A. § 9754. There is a critical distinction concerning the latitude afforded to a trial court when it orders restitution as part of a defendant's direct sentence, 18 Pa.C.S.A. § 1106, and restitution that it imposes in connection with the terms of a defendant's probation, 42 Pa.C.S.A. § 9754. The distinction derives from differences in the relevant statutory language.

¶ 5 Under 18 Pa.C.S.A. § 1106(a), the court shall order a defendant, as part of a defendant's direct sentence, to make restitution when *"the victim suffered personal injury directly resulting from the crime*[.]" *Id.* (emphasis supplied).

¶ 6 Pursuant to 42 Pa.C.S.A. § 9754(c)(8), a trial court can order the defendant, as a term of his probation, *"[t]o make restitution of the fruits of his crime . . . for the loss or damage caused thereby."* *Id.* (emphasis supplied).

¶ 7 There is significant disparity between the language of 18 Pa.C.S.A. § 1106(a) and 42 Pa.C.S.A. § 9754(c)(8), pertaining to who may receive restitution. Under 18 Pa.C.S.A. § 1106(c)(1)(i), when the trial court sentences a defendant, the court shall "provide *the victim* with the fullest compensation for the loss." *Id.* (emphasis supplied). Relying on the definition of victim provided in 18 Pa.C.S.A. § 1106(h), our case law holds that an award of restitution under 18 Pa.C.S.A. § 1106 is strictly limited to the individual who sustained bodily injury; that is, the direct victim. For example, in *Commonwealth v. Langston,* 904 A.2d 917, 924 (Pa.Super.2006), this Court stated: "The mandatory payment of restitution pursuant to Section 1106 of the Crimes Code is limited to the direct victim and not to third parties, including family members, who shoulder the burden of the victim's losses."

¶ 8 Unlike 18 Pa.C.S.A. § 1106, a probationary order of restitution under 42 Pa. C.S.A. § 9754(c)(8) is not required to be awarded to a "direct victim" who suffered personal injury damages. Instead, the plain language of 42 Pa.C.S.A. § 9754(c)(8) permits a trial court to order restitution for "the fruits of [the] crime," without any express limitation on who can receive restitution. *Id.* "[W]here the legislature includes specific language in one section of the statute and excludes it from another, the language should not be implied where excluded." *Fonner v. Shandon, Inc.,* 555 Pa. 370, 724 A.2d 903, 907 (1999). This is because "omission of a given provision from one of two similar statutes evidences a different legislative intent regarding the two." *Commonwealth v. Hoke,* 599 Pa. 587, 962 A.2d 664, 669 (2009) (citing, *inter alia, Commonwealth v. Heath,* 528 Pa. 316, 597 A.2d 1135, 1136 (1991)).

¶ 9 Our legislature could have confined restitution under 42 Pa.C.S.A. § 9754(c)(8) to a direct victim, like it did with 18 Pa. C.S.A. § 1106(a), but it did not do so. As such, our legislature's exclusion of the defi-

nitional phrase "the victim" from 42 Pa. C.S.A. § 9754(c)(8) evinces their intent that restitution not be limited to a direct victim as it is with 18 Pa.C.S.A. § 1106. *See Heath*, 597 A.2d at 1136 ("Unlike 42 Pa.C.S.A. §§ 9712 through 9715, where the legislature explicitly requires the Commonwealth, after conviction but prior to sentencing, to serve notice of its intent to seek mandatory sentencing, § 9718 contains no such verbiage. Where a section of a statute contains a given provision, the omission of such provision from a similar [section] is significant to show a different intention existed.") (citations and internal quotation marks omitted). Instead, by designating the open-ended phrase "fruits of a crime" as the guidepost for determining who may obtain restitution, our legislature envisioned that third persons may be awarded restitution under 42 Pa.C.S.A. § 9754(c)(8).[1]

¶ 10 Pursuant to the unambiguous language of 42 Pa.C.S.A. § 9754(c)(8), the sole restriction on the authority of the trial court to order probationary restitution is that there exist a "loss" or "damage" that can be considered "the fruits of a crime." Our Supreme Court has stated that "42 Pa.C.S.A. § 9754(c)(8) vests the court with ... broad power to determine what the fruits of the crime are." *Harner*, 617 A.2d at 707 n. 3. The issue in this case, accordingly, is whether the trial court erred in concluding that the loss of support to Decedent's children was a "fruit" of Appellant's crime.

¶ 11 A parent has an obligation to financially support his child, and the child relies on the parent to provide support, *e.g.*, food, shelter and clothing. When a parent is killed, the child is an immediate victim who experiences the negative impact (or the "fruits") of the crime, because the loss of a parent is accompanied with the loss of financial support.

¶ 12 In determining whether loss of financial support constitutes a "fruit of a crime," I find guidance in the Crime Victims Act. 18 P.S. § 11.101 *et seq.* The Crime Victims Act details the class of persons whom our legislature believed suffered a sufficient amount of collateral impact from a crime to entitle them to restitution under that Act. In 18 P.S. § 11.103, our legislature concluded that a "victim" of a crime includes "[a] family member of a homicide victim[.]" *Id.* Moreover, our legislature acknowledged in the Crime Victims Act that loss of support is an indirect consequence of a crime that should be redressed. Under 18 P.S. § 11.701(a)(3) and (4), a "surviving child of a deceased direct victim" or any other individual dependent upon a "deceased direct victim" is entitled to compensation.[2] If the loss of support sustained by Decedent's children has a close enough nexus

---

1. This reading of 42 Pa.C.S.A. § 9754(c)(8) is consistent with the inherent, broad discretion that is afforded to a trial court in ordering probationary conditions. *See Harner*, 617 A.2d at 703 n. 3; *Commonwealth v. Harriott*, 919 A.2d 234, 235–38 (Pa.Super.2007). This reading is further buttressed by the catch-all provision of 42 Pa.C.S.A. § 9754(c)(13), which allows a trial court to impose "any other" condition of probation as long as it is "reasonably related to the rehabilitation of the defendant." *Id.*

2. In pertinent part, 18 P.S. § 11.701 states:

§ 11.701. Persons eligible for compensation
(a) General rule. Except as otherwise provided in this act, the following persons shall be eligible for compensation:

&ast; &ast; &ast;

(3) A surviving spouse, parent or child of a deceased direct victim or intervenor.
(4) Any other individual dependent for principal support upon a deceased direct victim or intervenor.

&ast; &ast; &ast;

18 P.S. § 11.701(a)(3) and (4).

to Appellant's crime to be eligible for restitution under the Crime Victims Act, then Decedent's children and their loss of support should qualify for restitution under 42 Pa.C.S.A. § 9754(c)(8) as a "fruit" of Appellant's crime.

¶ 13 In view of the plain language of 42 Pa.C.S.A. § 9754(c)(8), and our legislature's expression of public policy in the Crime Victims Act, I conclude that the loss of support that Decedent's children suffered as a result of Decedent's death is a "fruit" of Appellant's crime. "[W]hen restitution is a condition of probation under 42 Pa.C.S.A. § 9754(c)(8), rather than a direct sentence under [18 Pa.C.S.A. § 1106], there need not be a direct nexus between offense and loss." *Harriott*, 919 A.2d at 238. "While restitution cannot be indiscriminate, an indirect connection between the criminal activity and the loss is sufficient." *Id.*

¶ 14 Here, had Appellant not murdered Decedent, Decedent's children would not have lost the right to financial support from their father. Appellant knew Decedent personally; indeed, Decedent's children lived with Appellant's paramour, Townson. Thus, it was entirely foreseeable that one result of Appellant's actions would be that Decedent's children could no longer look to their father for financial support. Appellant did not commit a crime of recklessness or criminal negligence. Rather, Appellant committed an intentional homicide. In these particular circumstances, I conclude that the trial court had the authority, pursuant to 42 Pa.C.S.A. § 9754(c)(8), to order Appellant to pay restitution to Decedent's children as a condition of his probation.

¶ 15 "[T]he practice of ordering restitution or reparation as [ ] a condition [of probation] is widely established and highly favored in the law, as an aid both to the criminal in achieving rehabilitation and to his victim in obtaining some measure of redress." *Harner*, 617 A.2d at 706. In this case, the trial court ordered Appellant to pay child support as a condition of probation for the following reasons:

This Court [ordered] restitution payments as a condition of [Appellant's] probation in order to minimize the perpetuation of an ongoing injustice, to assist [Appellant] in understanding the gravity of his actions, and to encourage him to live his life more responsibly. Taking into consideration that the mother of [Appellant's] child, [Townson], is also the mother of the [Decedent's] two children, this Court addressed the need for [Appellant] to understand the cruelty of his actions by having to contribute to the support of the [Decedent's] children. Due to the unique intertwinement of the three children who would all be living in the same household, the Court found it singularly unfair that [Appellant] provide for his child while the other two children living in the same household were deprived not only of their father but also of his support. The Court's intent was that [Appellant] level the field he had disrupted when he killed the other children's father by contributing to their financial support.

Trial Court Opinion (T.C.O.), 5/12/08, at 4–5.

¶ 16 The Majority finds that the "true purpose" of the trial court's restitution order was to "support the decedent's children and not to rehabilitate Appellant." Op. at 1145. From this premise, the Majority holds that the restitution order did not direct Appellant to pay "for the fruits of his crime." Op. at 1146. I do not share the Majority's conclusion, because the trial court expressly stated the rehabilitative purpose of its restitution order. Consistent with the trial court's rationale, I conclude that the trial court ordered restitu-

tion "so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way." *Harner*, 617 A.2d at 707. I further conclude that the trial court's restitution order appropriately permitted Decedent's children to receive some measure of redress as a result of Appellant's conduct. As explained above, Decedent's children suffered damages because Appellant murdered their father; this loss, in turn, was an indirect damage constituting a "fruit" of Appellant's crime.

¶ 17 Restitution imposed as a condition of probation is "encouraged" by our Supreme Court, and the trial court has "the flexibility to determine all the direct and indirect damages caused by a defendant" in order to rehabilitate a defendant and impress upon him the consequences of his actions. *Id.* I cannot conclude, as does the Majority, that the trial court lacked the statutory authority under 42 Pa.C.S.A. § 9754(c)(8) to order restitution to Decedent's children as a condition of Appellant's probation.

¶ 18 In light of the foregoing, I respectfully dissent from the Majority's central conclusion that the trial court lacked the requisite authority to order Appellant to pay restitution to Decedent's children.