J-A24027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v.              :
:
:
HYKEEM SESSOMS          :
:
Appellant        :    No. 634 EDA 2021

Appeal from the Judgment of Sentence Entered March 17, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004761-2017

BEFORE:    LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:        **FILED NOVEMBER 15, 2021**

Appellant, Hykeem Sessoms, appeals from the Judgment of Sentence entered in the Lehigh County Court of Common Pleas on March 17, 2021, following a parole violation. After careful review, we affirm in part, vacate in part, and remand with instructions.

Police arrested Appellant on October 5, 2017, for Driving Under the Influence ("DUI"). On February 13, 2018, Appellant entered a guilty plea to one count of DUI—Highest Rate of Alcohol (second offense).[1] On March 14, 2018, the court sentenced him, pursuant to the negotiated plea, to 3½ months to 2 years of incarceration, followed by 3 years of probation. Appellant served

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(c).

approximately 3 months of his jail sentence and received parole on June 23, 2018.

On August 6, 2019, while on parole, Appellant committed the offense of Possession of synthetic marijuana. Then on December 11, 2019, while still on parole, the Commonwealth charged Appellant in Northampton County with Kidnapping, Robbery, Terroristic Threats, Theft, and Simple Assault following an incident where Appellant kidnapped and assaulted an elderly victim outside a Northampton County casino. On January 27, 2021, the Northampton County Court of Common Pleas sentenced Appellant to an aggregate term of 12 to 24 years' incarceration following his conviction of the kidnapping-related offenses,[2] and, on February 24, 2021, the court sentenced Appellant to pay a fine on his Possession conviction.

Appellant's 2019 arrests and subsequent convictions gave rise to parole and probation revocation proceedings in the 2018 DUI matter. Based on the information presented at Appellant's revocation hearing, including information pertaining to Appellant's extensive criminal history,[3] and after considering the arguments of counsel and the testimony of Appellant's parole officer, the court revoked Appellant's parole. The court then sentenced Appellant to serve the

---

[2] The court sentenced Appellant to two consecutive terms of six to 12 years' incarceration for his first-degree felony Kidnapping and first-degree Robbery convictions.

[3] The court noted that Appellant's criminal history included convictions in 1997, 2001, 2002, 2012, and 2014 for Possession of a Controlled Substance, Possession With Intent to Deliver, Resisting Arrest, Disorderly Conduct, and Forgery, respectively.

approximately 21-months of incarceration remaining on the term of incarceration imposed for his 2018 DUI conviction. The court also revoked Appellant's 3-year sentence of probation, which he had not yet begun to serve, and resentenced him to a term of 1 to 3 years' incarceration. The court ordered both portions of this sentence to run consecutive each other and to the sentence imposed in Northampton County on Appellant's kidnapping-related offenses. Appellant did not challenge the discretionary aspects of his sentence at his sentencing hearing.

On March 19, 2021, Appellant filed a Motion to Modify Sentence where he averred generally that his revocation sentence was "unduly harsh and excessive, disproportionate to the underlying offense and other attendant circumstances." Motion, 3/19/21 at ¶ 8. He further averred that his revocation sentence "was not supported sufficiently by the record." *Id.* at ¶ 9. On March 22, 2021, the trial court denied Appellant's motion to modify sentence.

This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue on appeal:

[] Was the sentence imposed by the lower court manifestly excessive or otherwise unjustified based upon the court failing to sufficiently support on the record the reason for the severity of the sentences and the consecutive service of the sentence when no reasons or justification was placed on the record for these decisions as required by 42 Pa.C.S.[] § 9721(b)?

Appellant's Brief at 7 (unnecessary capitalization omitted).

Appellant challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of a sentence do not entitle an appellant to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); **Commonwealth v. Tuladziecki**, 522 A.2d 17, 18 (Pa. 1987); **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014).

An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test: (1) whether the appellant filed a timely notice of appeal; (2) whether the appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. **Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa. Super. 2013).

Appellant filed a timely Notice of Appeal from his Judgment of Sentence and his brief included a statement of reason relied upon for allowance of appeal, as required by Pa.R.A.P. 2119(f). However, although Appellant filed a motion to modify sentence, we find that he did not raise in it the issue he has raised on appeal, namely that the sentencing court failed to place sufficient reasons on the record in support of Appellant's sentence and the imposition of consecutive sentences.

Accordingly, Appellant has not properly preserved this claim and he is not entitled to review of the discretionary aspects of his sentence.

Our inquiry does not end there, however. As indicated above, the conduct which served as the basis for the revocation of Appellant's parole and probation—Appellant's commission of subsequent crimes—took place during his period of parole. Thus, the trial court anticipatorily revoked Appellant's probation for crimes perpetrated before he began serving his consecutive probationary term.

This issue implicates the trial court's statutory authority to revoke Appellant's probation sentence. Although Appellant has not challenged the legality of the revocation of his probation sentence and the imposition of a term of confinement, legality of sentence questions are not waivable and may be raised *sua sponte* by this Court. **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*). Our standard of review of challenges to the legality of a sentence is *de novo* and our scope of review is plenary. **Commonwealth v. Williams**, 980 A.2d 667, 672 (Pa. Super. 2009). **See also Commonwealth v. Hall**, 994 A.2d 1141, 1144 (Pa. Super. 2010) (a sentence is illegal and subject to mandatory correction where there is no statutory support for its imposition).

This court recently addressed this issue in **Commonwealth v. Simmons**, ___ A.3d ___, 2021 WL 3641859 (Pa. Super. filed Aug. 18, 2021) (*en banc*). In **Simmons**, the trial court sentenced the defendant to a term of six to 23 months' incarceration followed by a 3-year term of probation. **Id.**

- 5 -

at *1. While Appellant was on parole, he pleaded guilty to new crimes. *Id.* As a result of his new convictions, the trial court revoked the defendant's parole, anticipatorily revoked his probation, and resentenced him to a term of 2½ to 5 years' imprisonment. *Id.* The defendant challenged the legality of the anticipatory revocation of his probation sentence. *Id.*

The Simmons Court held that, where the trial court imposes a sentence of probation to be served consecutively to a defendant's sentence of incarceration, the defendant may not prospectively violate the conditions of a probationary order by committing a new crime after sentencing, but before the commencement of his probationary sentence. *Id.* at *10. Stated another way, the **Simmons** Court held that no statutory authority exists that permits a trial court to anticipatorily revoke an order of probation. *Id.* at *12. Accordingly, the **Simmons** Court vacated the defendant's judgment of sentence and remanded with instructions that the trial court reinstate the original order of probation.[4] *Id.* at *12-13.

Thus, guided by this Court's holding in **Simmons**—that the trial court lacks the statutory authority to anticipatorily revoke a probationary sentence a defendant had not yet begun to serve when he committed the crimes giving

---

[4] The **Simmons** Court also concluded that the defendant's sentence of incarceration was illegal because the court imposed a new term of incarceration rather than ordering him to serve the balance of the valid sentence previously imposed. Accordingly, the Court remanded for resentencing on the defendant's parole violation. Instantly, the trial court properly sentenced Appellant to serve the balance of the valid sentence of incarceration it had previously imposed.

rise to the parole violation proceedings—we conclude that the court revoked Appellant's sentence of probation without statutory authority and imposed an illegal 1- to 3-year sentence of incarceration. Accordingly, we vacate the Judgment of Sentence of incarceration imposed following the revocation of Appellant's probation, and remand for the court to reinstate the original order of probation. We affirm Appellant's Judgment of Sentence of 21 months, the balance of his sentence for his DUI conviction following his parole violation.

Judgment of Sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2021