J-A29023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE P. WEAN, | |
| Appellant | No. 1165 EDA 2016 |

Appeal from the Judgment of Sentence December 9, 2015
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0000850-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE P. WEAN, | |
| Appellant | No. 1167 EDA 2016 |

Appeal from the Judgment of Sentence December 9, 2015
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0004420-2015

BEFORE: LAZARUS, J., PLATT, J.,* and STRASSBURGER, J.*

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 26, 2018**

---

* Retired Senior Judge assigned to the Superior Court.

Appellant, Lawrence P. Wean, M.D., appeals from the judgment of sentence imposed in this matter pursuant to his conviction of twelve counts of unlawful prescribing of a controlled substance by practitioner, and three counts of insurance fraud,[1] at docket number CP-23-CR-850-15; and seventy-seven counts of unlawful prescribing of a controlled substance by practitioner at docket number CP-23-CR-4420-15.[2]  We affirm.

The above charges relate to Appellant's providing nine of his patients and two undercover detectives with prescriptions for thousands of controlled substances such as Oxycodone, Xanax, Percocet, Vicodin, Restoril, and Adderall, for a fee, with little or no physical examination or related illnesses, and then billing their insurance.

On December 17, 2014, police officers executed a search warrant at Appellant's office in Media, PA.  Dr. Eric Lipnack, DO, a licensed physician for forensic analysis, examined approximately thirty random files seized from the office.  During trial, Dr. Lipnack testified as an expert in the areas of physical medicine, rehab, pain management and prescribing controlled substances.  He relied, in part, and over defense objection, on the Pennsylvania Minimum Standards of Practice as related to the proper prescribing of medications. (*See* N.T. Trial, 9/24/15 Vol. II, at 277-79).

---

[1] 35 P.S. § 780-113(a)(14) and 18 Pa.C.S.A. § 4117(a)(2), respectively.

[2] We consolidated the appeals *sua sponte* on June 1, 2016.

On October 2, 2015, the jury convicted Appellant of the previously mentioned crimes. The court sentenced him on December 9, 2015 to an aggregate term of imprisonment of not less than ten nor more than 20 years, fines, forfeiture of $837.00 seized as derivative contraband, and $62,141.19 payable to the Delaware County District Attorney's Office for the cost of prosecution. The court denied Appellant's post-sentence motions on March 17, 2016. Appellant timely appealed.[3]

Appellant raises four questions for this Court's review:

_____

[3] On May 5, 2016, the trial court ordered Appellant to file a Rule 1925(b) statement of errors complained of on appeal within twenty-one days. *See* Pa.R.A.P. 1925(b). Appellant filed an untimely statement on May 31, 2016. *See id.* The trial court filed an opinion on October 18, 2016, in which it addressed the issues raised in the untimely statement. Therefore, because the court addressed the untimely filing, we will not find waiver. *See Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (Holding that, "if there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.") (citation omitted).

We also note that, on December 1, 2016, Attorney Richard Joseph Blasetti entered his appearance in this Court on Appellant's behalf. Since his appearance, he has filed four requests for an extension of time to file a brief, with each successive request filed on or after the previously extended date. This Court warned each time we granted an extension that no further request would be entertained. In spite of our admonitions, on July 28, 2017, four days past the latest extended deadline, counsel filed another application for an extension of time to file Appellant's brief. He filed an untimely brief the same day. Because the Commonwealth has not moved to dismiss this appeal on this basis, we will not do so. However, we caution counsel that "[i]f an appellant fails to file his . . . brief . . . within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter." Pa.R.A.P. 2188.

[1.] Whether the restitution order in the amount of $62,141.19 in favor of the Delaware County District Attorney's Office was proper because the District Attorney's Office is not a victim under the Crime Victims Act, and if improper did the order upset the sentencing scheme?

[2.] Whether the trial court erred in failing to rule 35 [P.S.[4] §] 780-111(d) unconstitutional? This is not a void for vagueness argument. This subsection violates [Appellant's] 5th, 6th and 14th Amendment rights under the United States Constitution and his Article I, Section 9 rights under the Pennsylvania Constitution. *In re Winship*, 397 U.S. 358 (1970), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), require proof of every element beyond a reasonable doubt and this statute neglects the culpability element. 18 Pa.C.S. [§] 302(c) substitutes the civil levels "intentionally, knowingly or recklessly," as the if [sic] *mens rea* necessary in such a statute, violating [Appellant's] rights under *Morissette v. United States*, 342 U.S. 246 (1952).

[3.] Whether the trial court erred in failing to grant the defense request for a jury instruction charging that a mere finding that [Appellant] deviated from the civil Pennsylvania Minimum Standards of Practice introduced by the Commonwealth, without more, called for a finding of not guilty on the Drug Act charges[?] The jury asked to see the standards while deliberating, raising the inference that it based its verdict on the civil standards.

---

[4] 35 **Pa.C.S.** § 780-111(d) does not exist. Pursuant to 35 **P.S.** 780-111(d):

A practitioner may prescribe, administer, or dispense a controlled substance or other drug or device only (i) in good faith in the course of his professional practice, (ii) within the scope of the patient relationship, and (iii) in accordance with treatment principles accepted by a responsible segment of the medical profession. A practitioner may cause a controlled substance, other drug or device or drug to be administered by a professional assistant under his direction and supervision.

35 P.S. § 780-111(d).

[4.] Whether the trial court erred in charging that the Pennsylvania Minimum Standards of Practice, Commonwealth exhibit C-77, were in evidence "only to the extent that such evidence may be helpful to you in determining whether or not the Commonwealth proved each criminal offense charged in this case beyond a reasonable doubt. To be clear on this issue, [Appellant] cannot be convicted for unlawfully prescribing a controlled substance merely upon a showing that the medical care rendered was beneath a minimum standard of practice which was introduced as an exhibit in this case[]?" The court gave conflicting instructions by charging that the Pennsylvania Minimum Standards of Practice "may be helpful" in determining whether reasonable doubt arose.

(Appellant's Brief, at 9-11) (unnecessary capitalization omitted; some case citation formatting provided; some citations omitted).[5]

In his first issue, Appellant argues that the court erred in ordering him to pay restitution to the Delaware County District Attorney's Office. (**See id.** at 16-18). Specifically, he maintains that "[t]he restitution order in the amount of $62,141.19 in favor of the Delaware County District Attorney's Office was improper because the District Attorney's Office is not a victim under the Crime Victims Act, and the order upset the sentencing scheme." (**Id.** at 16) (citation omitted). This issue lacks merit.[6]

---

[5] Appellant's statement of questions involved violates the requirement of Rule 2116, which provides, in part, "The statement of the questions involved must state **concisely** the issues to be resolved, expressed in the terms and circumstances of the case **but without unnecessary detail**." Pa.R.A.P. 2116(a) (emphases added).

[6] Appellant did not challenge the trial court's alleged grant of restitution at trial or in his Rule 1925(b) statement. (**See** Statement of Errors Complained of on Appeal, 5/31/16, at unnumbered pages 1-3). Generally, an appellant's

Our standard of review of this matter is well-established:

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Hall*, 994 A.2d 1141, 1144 (Pa. Super. 2010), *affirmed on other grounds*, 80 A.3d 1204 (Pa. 2013) (citation omitted).

Section 4403 of The Second Class County Code provides, in pertinent part, "[i]n any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant." 16 P.S. § 4403.

Here, as admitted by defense counsel at sentencing, the Commonwealth moved for "[t]he costs that were paid . . . to the expert . . . in the amount of $62,141.19." (N.T. Sentencing, 12/09/15, at 8). Although the trial court initially called this money restitution, it agreed that it had misspoken and that

---

failure to raise an issue at trial or include it in a Rule 1925(b) statement waives the issue for our review. *See* Pa.R.A.P. 302(a); 1925(b)(4)(vii). However, because this claim challenges the legality of Appellant's sentence, we will address its merits. *See Commonwealth v. Stradley*, 50 A.3d 769, 771-72 (Pa. Super. 2012) ("An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing.") (citation omitted); *Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011) (noting "[legality of sentence] claim is not [] waived by a party's failure to include it in a Pa.R.A.P.1925(b) statement.") (citation omitted).

it was a "[c]ost of prosecution, not restitution." (*Id.* at 58; *see id.* at 5-8, 11-12, 57-58).

Accordingly, the record belies Appellant's claim that the trial court erred in sentencing him to pay restitution to the District Attorney's Office. Moreover, section 4403 provided the court with statutory authorization to sentence Appellant to remit the costs of the Commonwealth's expert witness to the District Attorney's Office. *See* 16 P.S. § 4403; *Commonwealth v. Gill*, 432 A.2d 1001, 1005 (Pa. Super. 1981) (observing that section 4403 authorizes district attorney's fees to be assessed against defendant as costs). Appellant's first issue lacks merit. *See Hall*, *supra* at 1144.

In his second issue, Appellant maintains that "[t]he absence of a requirement for proof of intent renders 35 Pa.C.S. § 780-111(d) unconstitutional." (Appellant's Brief, at 25). However, a review of the record reveals that the Commonwealth charged Appellant pursuant to section 780-113(a)(14) of the Drug Act, not section 780-111(d). (*See* Information, 3/11/15, at 1-5). Therefore, this challenge is frivolous.

Moreover, although Appellant's brief does cite the statute under which he was convicted, 35 P.S. § 780-113(a)(14), (*see* Appellant's Brief, at 25), he did not challenge it in his Rule 1925(b) statement, thus waiving the claim for our review. (*See* Statement of Errors, at unnumbered page 1) (complaining, "[t]he [t]rial [c]ourt erred in failing to rule **35 [P.S. §] 780-111(d)** unconstitutional.") (emphasis added); *see also Commonwealth v.*

*Johnson*, 51 A.3d 237, 246 (Pa. Super. 2015), *appeal denied*, 63 A.3d 1245 (Pa. 2013) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.") (citation omitted); Pa.R.A.P. 1925(b)(4)(vii). Therefore, Appellant's second issue is waived.

Moreover, we briefly note that, the issue would not merit relief. "When, as here, the appellant raises a question of statutory construction, 'our standard of review is *de novo*, and our scope of review is plenary.'" ***Commonwealth v. Ford***, ____ A.3d ____, 2017 WL 5379813, at *4 (Pa. Super. filed Nov. 14, 2017) (citation omitted).

Here, while section 780-113(a)(14) does not provide an express *mens rea*, this does not render it unconstitutional. It is well-settled that, "[r]egarding the level of *mens rea* required to sustain a conviction . . . [the Pennsylvania Supreme Court has] repeatedly held § 302 provides the default level of culpability where a criminal statute does not include an express *mens rea*." ***Commonwealth v. Moran***, 104 A.3d 1136, 1149 (Pa. 2014) (citations omitted). In fact, at trial, all counsel properly recognized that the *mens rea* was knowing and intentional, pursuant to 18 Pa.C.S.A. § 302(c). (**See** N.T. Trial, 9/29/15, at 127-28); **see also** 18 Pa.C.S.A. § 302(c). Appellant's frivolous argument appears to confuse the Commonwealth's burden of proof (beyond a reasonable doubt) with the *mens rea* (knowing and intentional) required for a conviction of illegally prescribing of a medication by a physician.

(*See* Appellant's Brief, at 25).[7] Therefore, this claim would not merit relief. *See Ford*, *supra* at *4.

Appellant's third and fourth issues raise challenges related to the court's jury instructions, so we will address them together. (*See* Appellant's Brief, at 19-24). Specifically, in his third issue, Appellant argues that the trial court erred in failing to grant his "request for a jury instruction charging that a mere finding that [Appellant] deviated from the civil Pennsylvania Minimum Standards of Practice introduced by the Commonwealth, without more, called for a finding of not guilty on the Drug Act charges." (*Id.* at 19).[8] In his fourth claim, Appellant challenges the jury instruction actually given regarding the standards of practice. (*See id.*). These issues are waived and would lack merit.

It is well-settled that the failure to object to a jury charge before the jury retires to deliberate waives that issue for appeal. *See Commonwealth v. Hunzer*, 868 A.2d 498, 513 (Pa. Super. 2005), *appeal denied*, 880 A.2d

---

[7] To the extent Appellant attempts to challenge the trial court's jury instruction on the *mens rea* required for a conviction of illegally prescribing medication by a practitioner, he waived this issue by failing to object to the charge at trial. *See Hunzer*, *infra* at 513.

[8] Any claim that the trial court erred in allowing the admission of the civil standards will not be considered where it was not raised in Appellant's Rule 1925(b) standard or statement of questions involved. (*See* Appellant's Brief, at 23); *see also* Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

1237 (Pa. 2005). Here, the Commonwealth introduced the minimum standards of practice at trial, and the trial court allowed the parties to submit proposed instructions regarding how they should be treated, which they discussed thoroughly with the court. (**See** N.T. Trial, 9/29/15, at 165-80). Based on the parties' submissions, the court read them the cautionary charge it proposed to give, asking them if it was acceptable. (**See id.** at 180). Defense counsel responded, "Okay. . . . We think that addresses the issue. We think it would be addressed better with the addition of the next sentence. So, that's the only exception we have to it." (**Id.** at 180-81). The following day, the court instructed the jury consistent with what it had discussed with the parties, and Appellant did not object. (**See** N.T. Trial, 9/30/15, at 22-23, 28-32). Therefore, any issues regarding the instruction as actually given, or the court's failure to charge the jury in accordance with Appellant's proposed instruction, are waived. **See Hunzer**, **supra** at 513. Moreover, they would not merit relief.

> In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge

- 10 -

that is requested by the parties and its refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal.

***Commonwealth v. Sandusky***, 77 A.3d 663, 667 (Pa. Super. 2013) (citation omitted).

Here, the trial court denied defense counsel's request that, in its cautionary instruction regarding the minimum standards of practice, it include the language, "if you find merely that [Appellant fell] below that standard of care *i.e.* only that he may have committed medical malpractice, you must find him not guilty." (N.T. Trial, 9/29/15, at 172). The court explained it did not "want[] to interject [] malpractice into [the case]" because it would confuse the issues for the jury. (***Id.***).

The next day, the trial court cautioned the jury that:

Ladies and gentlemen, you have heard witnesses in this case sometimes refer to the minimum standards of practice. These minimum standards of practice are not the law in this case. You have been instructed in the law. And as I mentioned, I will provide you with a portion of my instructions on these elements to assist you in your deliberations. During trial I permitted evidence relating to the minimum standards of practice only to the extent that such evidence may be helpful to you in determining whether or not the Commonwealth proved each criminal offense charged in this case beyond a reasonable doubt. To be clear on this issue, a [d]efendant cannot be convicted of unlawfully prescribing a controlled substance merely upon a showing that the medical care rendered was beneath a minimum standard of practice which was introduced as an exhibit in this case. . . .

(N.T. Trial, 9/30/15, at 22-23).

In reviewing the above charge, as well as the trial court's instruction to the jury as a whole, particularly regarding the Commonwealth's burden of

- 11 -

proof and the necessary elements it was required to prove beyond a reasonable doubt, we conclude that the jury instruction was adequate and clear. (**See id.**; **see also id.** at 21-22) (describing elements Commonwealth must prove beyond reasonable doubt to establish crime of unlawfully prescribing controlled substance). Additionally, Appellant has utterly failed to prove that the court's denial of his proposed sentence prejudiced him.[9] (**See** Appellant's Brief, at 20). Hence, Appellant's third and fourth issues lack merit. **See Sandusky**, **supra** at 667.[10]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/18

---

[9] Appellant's argument that "[u]ndue prejudice ensued because the court and the [C]ommonwealth told the jury that a piece of Pennsylvania law outside of the indictment helped make [him] guilty[,]" lacks merit. (Appellant's Brief, at 20). The court expressly advised the jury that the standards were not the law of the case and that "a [d]efendant cannot be convicted of unlawfully prescribing a controlled substance merely upon a showing that the medical care rendered was beneath the minimum standard of practice which was introduced as an exhibit in this case." (N.T. Trial, 9/30/15, at 23; **see id.** at 22). This argument lacks merit.

[10] We deny Appellant's motion for remand as moot.